## THE PEOPLE *v.* TALMAGE.

In the absence of any statute to that effect, the State cannot be sued, and a judgment against her is erroneous.

Neither the Governor nor the Attorney General has any power to bind the State by a contract to procure the advice of counsel as to the rights of the State in certain property.

Services performed for the State under such a contract might be the subject of relief at the hands of the Legislature, but are not a legal cause of action.

APPEAL from the Superior Court of the City of San Francisco.

This was an action brought in the name of the people of the State, by the Attorney General, to recover the sum of $8,550, being a loss on a re-sale of the interest of the State in certain water lots in the city of San Francisco, originally bid off by defendant at the sale thereof, December 28th, 1853, but for which he refused to pay, by reason whereof they were re-sold, as prescribed by law, at a loss.

People *v.* Talmage.

Jesse B. Carothers intervened under leave of the Court, and alleged in his petition that the defendant acted as his agent in bidding on the lots, which were also bid in for the intervenor at the re-sale.    That the State was indebted to the intervenor in the sum of $75,000 for services rendered in procuring the opinions of eminent counsel out of the State as to the rights of the State in the water lot property, and in procuring information and documents from Washington relative thereto, which services were rendered under a contract made with the intervenor by the duly constituted officers of the State, with a view of obtaining a larger price at the sale ; that the intervenor had offered to take deeds for the lots in part payment of his claim against the State, which was refused ; whereupon he prays for judgment against the State for $75,000. The case was referred to a referee who reported a judgment in favor of the intervenor for $75,000 against the State.    The report of the referee shows that a contract was made as alleged by the Attorney General, with the sanction of the Governor, acting under the advice of the Attorney General, and that the intervenor had performed the services alleged, prior to the sale.    The action was dismissed against the defendant Talmage. Judgment was entered upon the report, and the plaintiff appealed.

*Wm. T. Wallace, Attorney General,* for the State.
1. This was an action at law, brought by the appellants against Talmage.    In such an action no intervention is allowed; the statute applies only to equity causes.    Prac. Act, § 659.
2. The statute does not apply to causes in which the State is a party.    An intervention is tantamount to an original suit; the intervenor is an actor, and the State cannot be sued in her own Courts.
3. This action (being at law) was tried before a referee, and the decision was that the intervenor had "no legal claim against the State." The judgment thereon should have been rendered in favor of the State and against the intervenor Jesse B. Carothers.
4. The facts found by the referee are wholly insufficient to sustain any judgment at law, or any decree in equity against the appellant, but are conclusive against the respondent Carothers.

*Thomas & Hempstead* for Respondent.
1. Section 659 of the Practice Act of this State applies as well to common law cases as it does to suits in equity.    There is no distinction made in the Act, as the Attorney General seems disposed to urge.
2. The statute is general in its provisions and governs all cases which by the law may be brought in the Courts of this State.    The State instituting a suit against a private individual, places herself upon an equality with the defendant, and every proceeding which would be legal in a suit between individuals, must necessarily be the same between the State and parties brought into Court by her process, or whose interest might be affected by the suit.    It is true that the intervenor is an actor, but his action is induced by the act of the State, which hazards his interest in the subject matter of the suit.

People v. Talmage—Cal. Nav. Co. v. Wright.

By the judgment of the Court below, the defendant Carothers was permitted to intervene, and whatever defence could be made, Carothers was by law entitled to make; and a set-off is a matter of defence, and was properly pleaded in this case. 6 Wheaton, 411; 8 Peters, 444; 6 Wheaton, 135; 3 Washington C. C., 161; 9 Wheaton, 651; 7 Peters, 16; 8 Peters, 163, 436; 9 Peters, 319; 10 Peters, 125; 15 Peters, 377; 2 How., 711; 11 How., 272; 1 Kent, 321; 5 Monroe, 318.

The opinion of the Court was delivered by Mr. Chief Justice MUR-RAY. Mr. Justice TERRY concurred.

Admitting the right of Carothers to intervene in this case, his petition must be treated as a declaration or complaint under the statute, and as such is wholly insufficient. The facts set forth therein would be insufficient to constitute a cause of action either in law or equity; and the report of the referee, admitting all that it contains, shows conclusively upon its face, that the intervenor has no legal claim against the State, and was not entitled to judgment.

We know of no law which would warrant the Governor or Attorney General in making such a contract; in fact, they possessed no such power. If entered into in good faith, it might be the subject for relief at the hands of the Legislature, but is certainly not a cause of legal action.

In absence of any statute to that effect, the State cannot be sued, and the judgment against her is erroneous. Upon the merits of the judgment, we forbear the expression of any opinion.

Judgment reversed.