[No. 4421.]

J. C. TYLER AND G. W. COLBY v. M. HEALEY.

RECALLING A WITNESS.—When a witness has been once called and examined by a party, it is within the discretionary power of the court to allow him to be recalled and further examined by the same party, even if the other party objects.

APPEAL from the District Court, Second Judicial District, County of Tehama.

The action was ejectment. The plaintiff Colby was sworn on his own behalf, and testified to two or three conversations he had held with the defendant. The record on the point decided, reads as follows:

"Matthew Healey, the defendant, recalled as a witness in his own behalf:

"*Mr. Belcher.* Mr. Healey did you hear Mr. Colby's testimony, in regard to a conversation, stated by him to have occurred at the Deer Creek Meadows, about the last of May, 1871, between himself and Sandy Young and yourself?

"*Mr. Lewis.* We object for this reason: That Mr. Healey has been upon the stand and testified with regard to the

testimony of Mr. Colby; that since he was called upon the stand Mr. Colby has not been called, and has made no statement; there has been no new development in regard to the testimony of Mr. Colby.

" *The Court.* The objection is sustained.

" *Mr. Belcher.* We except to the ruling.

" *Mr. Belcher.* Then we ask leave of the court to proceed with the examination of this witness; our former examination was confined to a single conversation testified to by Mr. Colby; we now desire to examine him as to the other conversations testified to by Mr. Colby, and generally upon the case.

" *Mr. Lewis.* We shall object just the same.

" *The Court.* The court has no discretion against the objection of the plaintiff.

" *Mr. Belcher.* We except to the order of the court denying us the privilege in the exercise of its discretion."

The plaintiffs recovered judgment, and the defendants appealed.

*W. C. Belcher and P. O. Hundley,* for the Appellant, cited the following authorities: *Pinckham & McDonough* v. *McFarland,* 5. Cal. 137; *Priest* v. *Union Canal Co.,* 6 Cal. 170; *Fairchild* v. *California Stage Co.,* 13 Cal. 599; *Lisman* v. *Earley,* 15 Cal. 199; *Lick* v. *Diaz,* 37 Cal. 437; *Breidert* v. *Vincent,* 1 E. D. Smith, 542; *People* v. *Mather,* 4 Wend. 229; *Law* v. *Merrill,* 6 Wend. 268; *Stacy* v. *Graham,* 3 Duer, 444; *Donnelly* v. *State,* 2 Dutch. 463; *Curren* v. *Connery,* 5 Binn. 488; *State* v. *Silver,* 3 Dev. 332; *Brown* v. *Burrus,* 8 Mo. 26; *Sartorius* v. *The State,* 24 Miss. 602.

*C. P. Braynard and E. J. Lewis,* for the Respondents.

By the Court:

When the defendant had partially examined one of his witnesses, he desired to recall him for further examination on matters material to the issue, and asked the leave of the court to recall him for that purpose. On the objection of plaintiff, the court refused to permit the witness to be re-

called, on the ground that "the court has no discretion (to permit it) against the objection of the plaintiff." The ruling is too clearly erroneous to merit discussion.

Judgment and order reversed, and cause remanded for a new trial.