PIERIE *et al.* v. BERG *et al.*

1. Section 5325 of the Compiled Laws, as amended by chapter 70, Laws 1893, authorizes a court or judge to prescribe, by order to show cause, a shorter time than six days between the notice and hearing of a motion to vacate an attachment.

2. It is not error to deny an application for an order based upon subdivision 5 of section 5324 of the Compiled Laws, compelling persons to attend before a referee appointed for that purpose, and make affidavits to be used in resisting a motion to discharge an attachment, where it neither appears that such persons have refused to make affidavits, nor that they possess any knowledge of material facts.

3. The facts set out in the affidavit for an attachment being practically unsupported, and specifically denied by the attachment debtors, the proof before the court was sufficient to justify an order vacating the attachment.

4. The refusal of the court to grant appellants further time in which to procure affidavits in support of the attachment, though not in harmony with the usual and better practice, is *held*, under the circumstances of this case, not sufficient to require a reversal.

(Syllabus by the Court. Opinion filed Nov. 19, 1895.)

Appeal from circuit court, Minnehaha county. Hon. JOSEPH W. JONES, Judge.

Action in attachment. From an order dissolving the attachment plaintiffs appeal. Affirmed.

The facts are stated in the opinion.

*Davis, Lyon & Gates,* and *Joe Kirby,* for appellants.

The denial of plaintiff's affidavit for attachment puts the burden on them to sustain the grounds of attachment by further proof. Wyman v. Wilmarth, 46 N. W. 190; 1 S. D. 35; Benedict v. Ralya, 46 N. W. 188; Wilcox v. Smith, 55 *Id.* 1107.

*Aikens, Bailey & Voorhees,* for respondents.

FULLER, J. This appeal is from an order dissolving an attachment issued in an action by plaintiffs against defendants, to recover upon account of goods, wares, and merchandise sold by plaintiffs to defendants at a price named and agreed

upon; and the statutory grounds for an attachment relied upon by appellants are recited in the affidavit upon which the writ issued, as follows: ''That the defendants have assigned, disposed of, and secreted, and are about to assign, dispose of, and secrete, their property, with intent to defraud their creditors, and with the fraudulent intent to cheat and defraud their creditors and to hinder and delay them in the collection of their debt." On the 21st day of August respondent's property, consisting of a stock of merchandise, was attached, and the building in which the same was kept for the purpose of retail trade was closed and taken into the possession of the attaching officer. Six days later an order to show cause why the attachment should not be vacated, made returnable three days thereafter, was obtained and served upon counsel for appellants, together with affidavits in which each and every ground mentioned in the affidavit for an attachment was specifically traversed, and upon which respondents relied, for a discharge of the attachment. At the time of the hearing, and apparently after respondents' affidavit had been read and submitted to the court, one of appellants' attorneys made and submitted an affidavit in support of the attachment and for a continuance, in which he stated in substance: That appellants' credit man, who made the affidavit for the attachment had been informed that respondents were secreting, disposing of, and carting away their stock of goods, and that they were about to sell and convey said property. ''That the defendant Berg had made or was about to make a transfer of his interest in said property to the defendant W. H. Opperud or some other person; and affiant is further informed and believes that the defendants, within a period of not more than two weeks, made or was about to make a mortgage to a certain firm in St. Louis, to whom they were indebted, to secure said indebtedness; and affiant is further informed and believes that the defendants have recently threatened and have been about to make an assignment for the benefit of their creditors." That it would be necessary to obtain an-

other affidavit from said credit man, John H. Kistner, showing more fully the source of his information, and that the whereabouts of said John H. Kistner were unknown to affiant. That affiant believed that the railway station agent at the town of Davis, where respondents had been engaged in business, and other persons, were in possession of certain information in relation to the carrying off and disposition of goods by respondents, but that affiant could get no information from them. That he believed that if the hearing of the motion were postponed to a day not less than 15 days hence, and an order of the court granted, compelling said station agent and a Mr. Lingo to give affidavits, much information in the premises could be obtained, and that it would be impossible to obtain the affiidavits of John H. Kistner and other affidavits with which to resist the motion to dissolve the attachment inside of 15 days. An application based upon this affidavit for a postponement of the hearing for not less than 15 days, and for an order requiring the station agent and Mr. Lingo to make affidavits of all facts known to them in relation to the matter, appears to have been denied, and the attachment was discharged. It is very evident, if the uncontroverted showing made by respondents upon the return of the order to show cause is worthy of belief, that no ground for an attachment existed; and it is equally clear from the affidavits that the particular acts mentioned in the affidavit of appellants' counsel were entirely consistent with a disposition upon their part to deal honestly and in an equitable manner with all their creditors. There are but two questions requiring consideration, namely, did the court abuse its discretion in granting an order to show cause why the attachment should not be dissolved, returnable three days thereafter, and in refusing to postpone the hearing upon the affidavit of appellants' attorney?

Section 5325, as amended by chapter 70, Laws 1893, provides that, "when notice of motion is necessary, it must be served six days before the time appointed for the hearing, but

the court or judge may, by order to show cause prescribe a shorter time. * * *'' This section clearly authorizes a court or judge to shorten the time betwen the notice and hearing of a motion by an order to show cause. The affidavits presented to the court as a basis for an order to show cause, which were duly served therewith upon appellant's counsel three days before the hearing, upon which respondents wholly relied for a dissolution of the attachment, were very full and specific, anticipating and tending strongly to rebut everything which appellant's counsel stated in his affidavit that he believed that he would be able to show if a postponement of not less than 15 days were granted, together with the order requiring certain persons to make affidavits; and, after fully traversing the affidavit for an attachment, respondent Opperud testified in effect that the only property that had been carted away or removed in any manner consisted of a trunk filled with his own dishes and some silverware presented to his wife by friends at the time of their marriage; that Kistner, who made the affiidavit for an attachment, and on the day the property was seized, urged him to secure appellants' claim by a chattel mortgage upon this stock of merchandise, and threatened to immediately close up their place of business unless they would consent to execute the mortgage; that in view of the rights of other creditors they deemed it unfair to give appellants such a preference, and declined to comply with Kistner's demand. Respondent Berg, in his affidavit, admitted that they had been unable to promptly meet their obligations as they fell due, on account of a failure of crops during the year 1894 and the general stringency in financial matters, specifically denied the allegations of appellants' affidavit for an attachment, and corroborated the affidavit of Opperud as to the threat of Kistner to close up the business unless they would give him a mortgage on the stock; that on the 14th day of August, seven days prior to the levy of the attachment, he went with his wife and child to occupy temporarily a piece of land in Charles Mix county, filed upon under the

United States land laws, and took with him, from this stock of merchandise, supplies, the value of which did not exceed $2.50, and which was the sum total of all goods removed from said store, except what had been sold in the usual course of retail trade. Appellants knew that, as a matter of strict legal right respondents could move to vacate the attachment; and, from what they had learned of their disposition to protect alike the interests of all their creditors, they ought to have expected an effort to be made to set this attachment aside. Furthermore, from the time respondents' affidavits were served upon them to the date of the hearing, they are charged with a knowledge that the attachment would be dissolved unless they furnished proof in support of the affidavit for an attachment. Wyman v. Wilmarth, 1 S. D. 172, 46 N. W. 190.

As Kistner appears to have been connected with the credit department of appellants, a wholesale mercantile firm located in one of the great trade centers of the country, it is fair to presume, in the absence of anything to the contrary, that his whereabouts could have been readily ascertained; and as there was nothing before the court to intimate that any effort in that direction had been made, or that if present he would be able to do more than to state the source of the information and belief upon which he had, in postive terms, made the affidavit upon which the attachment issued, and for the further reason that it was stated substantially in the affidavit of counsel for appellants that the postponement for less than 15 days would be without avail, we are disposed to believe that the trial court neither abused its discretion in declining to continue the hearing for fifteen days, or in refusing to grant, upon the showing made, an order compelling the station agent at Davis and Mr. Lingo, of that place to make affidavits.

Subdivision 5 of section 5324 of the Compiled Laws, being the only statutory provision authorizing an order by which a compulsory affidavit, to be used upon the hearing of a motion, may be obtained as follows: "When any party intends to make

or oppose a motion in any court, and it shall be necessary for him to have the affidavit of any person who shall have refused to make the same, such court may, by order, appoint a referee to take the affidavit or deposition of such person. Such person may be subpœnaed and compelled to attend and make an affidavit before such referee, the same as before a referee to whom it is referred to try an issue, and the fees of such referee for such service shall be three dollars per day." The application for an order not only omitted to disclose in the showing to the court the nature of the knowledge believed to be in the possession of the parties named, but it failed to state that either of such parties had refused to make an affidavit. Moreover, the application was not for an order appointing a referee, with authority to subpœna before him certain persons who had refused to make affidavits concerning facts within their knowledge, nor did it sufficiently appear that the proposed witnesses were in possession of any facts material to the questions pending before the court. The legislature never intended to enact a statute to be invoked as of course whenever a person desiring to judicially establish a fact is at a loss to know just where to find witnesses in possession of the required information. Concerning the same provision in the New York Statute, it was said in Fisk v. Railway Co., 3 Abb. Prac. (N. S.) 430, that: "The proper course, when an affidavit is desired, is ordinarily to draft an affidavit, and submit to the witness to be verified, before applying to an order. A 'fishing' examination is not allowable under that section. An order for the examination can only be made upon proof that the affidavit of the witness is necessary, and to allege this involves knowledge of the facts to which the witness will testify." While not physically present, appellants were constructively before the court, and presumed to know what was taking place in the proceedings they had instituted; and as no effort is shown to have been made to secure the affidavit, or learn the whereabouts of their representative who made the affidavit for an attachment, we conclude with

some reluctance that the refusal of the court, to continue the hearing upon the meagre showing made, though not in strict accord with the usual and better practice, was not reversible error.   The order appealed from is affirmed.

KELLAM, J.   While I do not vote for a reversal, I should personally have been better satisfied if the court below had allowed appellant further time within which to procure additional affidavits, if he could, to sustain his attachment, and I concur in this decision only because I do not feel justified in saying that the trial court misused its discretion in refusing such time.