HOOD *et al* v. FAY.

1. Plaintiff in an attachment suit moved before the hearing that the court· extend the time within which he might file certain affidavits and proofs to amend those theretofore filed in support of the affidavit of attachment, on the ground that they were newly discovered evidence, stating that, owing to the fact that such evidence was not known to plaintiff when he filed his original affidavits, it was not then presented. *Held*, that such motion was for a continuance of the case for the purpose of securing further evidence, and not for the purpose of amending affidavits or proceedings.

2. Plaintiffs attached a stock of goods valued at between four and five times the amount of their claim, and defendant's store was closed. On the hearing plaintiffs were granted a continuance, and permitted to amend their proceedings by substituting a new undertaking, and thereafter moved for another continuance on the ground of surprise and inadvertence, but the affidavit in support thereof did not state facts showing wherein plaintiffs were surprised, or in what the inadvertence, consisted, nor was it shown within what time the evidence could be produced. *Held*, that a refusal to grant the continuance was not an abuse of the trial court's discretion.

(Opinion filed October 2, 1901.)

Appeal from circuit court, Hughes county. HON. L. E. GAFFY, Judge.

Action by Thomas G. Hood and others, doing business under the firm name of Hood, Foulkrod & Co., against Mrs. W. Fay. From an order dissolving and vacating an attachment, plaintiffs appeal. Affirmed.

*Albert Gunderson,* for appellants.

It was error for the trial court to refuse the amendment asked by appellants. § 4939 Comp. Laws; Blake v. Sherman, 12 Minn. 420; Schmigel v. Sherkman, 80 N. W. 871; Chappe v. Runkel Rowley & Co., 11 S. D. 333; Gangs v. Chapman, 18 Ind. 189.

It was error for the trial court to vacate the attachment, the defendant having failed to deny the facts showing that the property was obtained by false pretenses. Lindquist v. Johnson, 12 S. D. 486.

The application for a reference to take the testimony of the witness Snowden should have been granted. McCune v. Tribune, 1 Hun. 469; Hanna v. Barrett, 39 Kan. 446.

*Horner & Stewart,* for respondent.

CORSON, J. This is an appeal by the plaintiffs from an order dissolving and vacating an attachment. On December 26, 1900, the plaintiffs commenced an action against the defendant by the service of a summons to recover the sum of $3,789 for goods, wares, and merchandise sold by the plaintiffs to the defendant. At the same time the plaintiffs filed an affidavit for an attachment, alleging as grounds for the same "that the defendant procured said goods to be sold and delivered to her by plaintiffs by reason of false and fraudulent representations made by her to plaintiffs, and that the debt was incurred for property obtained under false pretenses." Thereupon an attachment was issued, and levied upon the real and personal property of the defendant, and on the following day the defendant served notice of a motion to dissolve and vacate the said attachment, based upon an affidavit, in which she fully denied the grounds stated in the affidavit for the attachment. On January 2, 1901—the time fixed in said notice for hearing—the plaintiffs applied for a continuance of the hearing, and the same was continued until January 5, 1901. On that day the defendant presented affidavits in support of the motion, and the plaintiffs presented certain affidavits in rebuttal. Prior to the hearing plaintiffs had applied for leave to amend their undertaking on the attachment, which was granted, and a new undertaking filed. On the 7th day of January

the plaintiffs made the following motion: "Comes now the above-named plaintiffs, and before the close of the hearing herein, and before the making of any order herein by the court, and upon the affidavit of G. K. Patterson, hereto attached, moves the court to extend the time at which and within which the plaintiff may file herein certain affidavits and proofs, and to amend the affidavits and proofs heretofore filed and entered in support of the plaintiffs' affidavit of attachment herein, on the ground that said proof and affidavits are newly discovered evidence, and that the same became necessary by reason of surprise and inadvertence, and that the proceedings heretofore taken by the plaintiffs fail to conform to the provisions of this code in that, owing to the fact that said evidence was not known to the plaintiff when he filed said original affidavits, the same were not presented to the court at the stage in the proceedings at which they should have been presented, and the plaintiffs at this time ask leave to amend by at this time filing and giving the said affidavits and proof." This motion was based upon the affidavit of G. K. Patterson, the general western salesman of the plaintiffs, which will be more particularly referred to hereafter. It is contended on the part of the appellants that this motion was for leave to amend their proceedings, under Section 4939, Comp. Laws, and also for the purpose of securing the appointment of a referee to take the testimony of the witness J. W. Snowden, under the provisions of subdivision 5, § 5324, Id., which reads as follows: "When any party intends to make or oppose a motion in any court, and it shall be necessary for him to have the affidavit of any person who shall have refused to make the same, such court may, by order, appoint a referee to take the affidavit or deposition of such person. Such person may be subpoenaed and compelled.to attend and make an affidavit before such referee, the same as before a referee to whom it is referrd to try

an issue." It is insisted on the part of the respondent that the motion can only be considered as a motion for the continuance of the case for the purpose of securing further evidence. We are of the opinion that the respondent is right in this contention. There is nothing in the affidavit accompanying the motion indicating that the appellants intended to amend the affidavits or proceedings in the case so far as they had proceeded, and the object sought to be obtained evidently was time to secure additional evidence in support of their attachment. It will be further noticed that there is nothing in the motion which can be construed as asking the court to appoint any referee to take the testimony of a witness. We shall therefore treat the motion as a motion for a continuance only.

The assignment of errors may be briefly stated as follows: That the court erred in refusing application of appellants for an order of the court requiring Snowden to appear before the court or referee and give his testimony; that the court erred in refusing to grant the plaintiffs time to procure the testimony of said Snowden; that the court erred in not requiring the said Snowden to appear before a referee and give his testimony; that the court erred in refusing to allow plaintiffs' motion to amend their testimony; that the court erred in refusing to allow the plaintiffs to have and consider the affidavit of G. K. Patterson; that the court erred in granting said order dissolving said attachment; and that the court erred in refusing to sustain said attachment, and in not overruling the motion to dissolve the same. The appellants, however, in their brief, do not, as we understand it, seriously contend that the court erred in granting the order upon the evidence then before it, but they rely mainly upon the alleged error of the court in not granting the continuance or extension of time asked for on the 7th of January. The only

question, therefore, to be considered, is, did the court abuse its discretion in denying said motion? The affidavit of G. K. Patterson, before referred to, and which constituted the basis of the action, lacks many of the essential elements required in an affidavit for a continuance. One of the grounds stated in the affidavit for a continuance is surprise and inadvertence, but the affidavit of Patterson fails to state any facts showing in what respect the appellants were surprised, or in what the inadvertence consisted. Appellants also failed to show diligence on their part in procuring the evidence they desired to introduce. The affidavit also fails to show within what time the evidence desired could be produced before the court, and much of the evidence which appellants claim they could produce would be inadmissible on such a hearing. As we have seen, the affidavit for an attachment was filed upon the 26th of December, and the grounds stated for an attachment were such that the plaintiffs must be presumed to have known that the defendant could contest the attachment, and would in all probability make a motion to dissolve the same. They should, therefore, have been prepared with proofs to sustain the grounds stated by them in the original affidavit for the attachment. Pierie v. Berg, 7 S. D. 578, 64 N. W. 1130. The granting or refusing of a continuance rests largely in the discretion of the trial court, and, unless there has been an abuse of such discretion, an appellate court will be reluctant to reverse the ruling of the trial court in granting or refusing the same. The law as to continuances in ordinary cases was thus laid down by this court in the case of Gaines v. White, 1 S. D. 434, 47 N. W. 524 : "The granting or refusing a continuance rests in the sound discretion of the court below, and its ruling will not be reversed, except for the most cogent reasons. The court below is apprised of all the circumstances of the case and the previous proceedings, and is therefore better able to de-

cide upon the propriety of granting or refusing the application than an appellate tribunal; and when it exercises a reasonable, and not an arbitrary, discretion, its action will not be disturbed." Stone v. Railway Co., 3 S. D. 330, 53 N. W. 189; Pierie v. Berg, *supra;* Live Stock Co. v. Burris, 10 S. D. 430, 73 N. W. 919; Benoit v. Revoir, 8 N. D. 226, 77 N. W. 605.

We have not deemed it necessary to set out the affidavit of Mr. Patterson in full, as its reproduction in this opinion would serve no useful purpose. It is sufficient, therefore, to say that in the case at bar it appears from the record that, although the amount claimed was $3,789, a stock of goods valued at from $12,000 to $15,000 had been taken into his possession by the sheriff under the writ of attachment, and defendant's store closed, and yet the appellants had been granted one continuance, and permitted to amend their proceedings by substituting a new undertaking on the attachment.

In view of all the circumstances, therefore, this court cannot say that the trial court abused its discretion in denying the continuance or extension of time asked for. The order of the circuit court is affirmed.