## DEERE & WEBBER CO. v. HINCKLEY.

An affidavit for a continuance on the ground of the absence of witnesses, which avers that the applicant "has not been able to procure his witnesses to go to trial," is insufficient, because failing to show any diligence to procure the attendance of the witnesses or their depositions.

As a general rule, a plaintiff has an absolute right to dismiss an action, where no counterclaim has been interposed and there is no special reason why the dismissal should not be permitted.

Neither Rev. Code Civ. Proc. § 440, providing that no writ of error shall be necessary to bring up any judgment for review, but any judgment or any order defined in section 462 may be reviewed on appeal, not specifying any order or udgment that may be appealed from, nor section 462, designating the appealable orders, authorizes an appeal from an order dismissing an action on plaintiff's motion, where no counterclaim was interposed nor any special reason shown why the dismissal should not be permitted.

Where an order attempted to be appealed from is clearly not an appealable order, the trial court may so declare, and hold the appeal ineffectual for any purpose.

Where an order dismissing an action on plaintiff's motion was not appealable, the court, on the trial of a subsequent action involving the same matter, properly disregarded a pending appeal from the order, and determined that the former action was terminated on its dismissal.

(Opinion filed, January 10, 1906.)

Appeal from Circuit Court, Marshall County. Hon. JAMES H. McCoy, Judge.

Action by the Deere & Webber Company against W. L. Hinckley. From a judgment for plaintiff, defendant appeals. Affirmed.

*Byron Abbott,* for appellant. *Campbell* & *Taylor,* for respondent.

CORSON, J. This is an appeal from a judgment entered upon a directed verdict in favor of the plaintiff. The action was instituted to recover of the defendant the amount due upon certain promissory notes, and the defendant in his answer admitted his indebtedness upon the notes, but pleaded the pendency of another action upon the same notes and also a counterclaim for $5,000 damages for slander by the agent of the plaintiff. When the case was called for trial, the defendant moved for a continuance of the cause over the term, which was denied, and upon the trial the defendant offered in evidence the record of a former action and notice of appeal and undertaking on appeal from the order dismissing the action. This evidence being objected to, the objection was sustained by the court, and the evidence excluded. No evidence being offered by the defendant in support of his counterclaim, and the execution and non-payment of the notes set out in the complaint having been admitted by the answer, the court directed a verdict in favor of the plaintiff.

Three questions are presented by the record in this case, namely: (1) Did the court err in refusing defendant a continuance of the cause over the term? (2) Did the court err in excluding the exhibits offered for the purpose of showing the pendency of another action for the same causes of action? (3) Did the court err in directing a verdict in favor of the plaintiff?

It is contended by the respondent, in support of the judge's ruling in denying a continuance of the action, that the affidavit made on behalf of the defendant for the purpose of obtaining a continuance was clearly insufficient, in that it failed to show any diligence on the part of the defendant in securing the presence of the witnesses on the trial or their depositions to be used therein. The respondent is clearly right in its contention. An examination of the affidavit discloses no diligence whatever on the part of the defendant in securing the testimony of the witnesses named in the affidavit, or their depositions. All that is said on that subject in the affidavit

is "that this defendant has not been able to procure his witnesses to go to trial." No statement is made as to what efforts have been made, if any, as to procuring the attendance of the witnesses, and no reason given why their depositions, if their attendance could not be procured, had not been taken. Such a showing is clearly insufficient. Stone v. Chicago, M. & St. P. Ry. Co., 3 S. D. 330, 53 N. W. 189; Hood v. Fay, 15 S. D. 34, 87 N. W. 528; J. I. Case Threshing Machine Co. v. Eichinger, 15 S. D. 530, 91 N. W. 82. While it is true that it appears from the affidavit that but a short time had intervened between the joining of issue and the time of trial, still it was incumbent upon defendant to have made some effort to procure his witnesses or to secure their depositions, and he should have shown to the court what diligence had been used in his attempt to procure his witnesses or their evidence. It is further contended by the respondent that the counterclaim did not state facts sufficient to constitute a counterclaim to the action, in that a corporation cannot be held liable in an action of slander. In the view we have taken as to the insufficiency of the affidavit to entitle the defendant to a continuance over the term, we do not deem it necessary to discuss or decide the question presented as to the liability of the corporation in such an action.

The second question presented is one of more difficulty. It appears from the record offered in evidence by the defendant that an action had been commenced upon the notes in controversy in this action, and that the plaintiff had dismissed that action by leave of the court without notice to the defendant, and from the order or judgment dismissing the action, the defendant has taken an appeal to this court. It was contended by the respondent, in support of the court's ruling in excluding defendant's evidence upon this defense, that, there having been no counterclaim filed in the former action, the plaintiff had an absolute right to dismiss the action, and that no appeal lies from such an ex parte order or judgment dismissing the action, and hence, when the action was dismissed it was terminated, and the attempted appeal from the order was a mere nullity. It is contended on the other hand, by the appellant, that the order or judgment of dismissal was in fact appealed from, and that upon perfecting the appeal the action continued to be still pend-

ing until the appeal should be disposed of in this court, and that, as the appeal in that case had not been disposed of when the present action was commenced, the plaintiff had no right to institute the present action, and that the evidence of the proceedings in that case should have been admitted and his answer sustained. It may be stated as a general rule that a plaintiff has an absolute right to dismiss an action, where no counterclaim has been interposed and there exists no special reasons why the dismissal of the action should not be permitted. Schaetzel v. City of Huron (White, Intervener), 6 S. D. 134, 60 N. W. 741; Cooke v. McQuaters, 19 S. D. 361, 103 N. W. 385. It affirmatively appears in the case at bar that no counterclaim had been interposed in the former action, and no special reason was shown to exist which should have the effect to prevent the dismissal of that action. The plaintiff therefore had an absolute right to dismiss its action, and the order or judgment dismissing the same, being ex parte, did not constitute an appealable order or judgment, and hence the attempted appeal in that case was without validity and not effectual as continuing the action. 2 Ency. Plead. & Prac. 96. The learned author of the article on "Appeals" in that work says: "A direct appeal cannot be taken from an order granted ex parte. The proper procedure is to move to vacate or set it aside and appeal from the decision on the motion."

The order dismissing the action was also not an appealable order, for the reason that it is not one of the orders specified in section 462, Rev. Code Civ. Proc., which designates the orders that may be appealed from. It seems to be conceded by the appellant that the order or judgment appealed from is not one specified in that section, but he contends that the appeal was authorized by virtue of section 440, Id. Section 440, however, does not specify any order or judgment that may be appealed from, but only in effect substitutes an appeal for the writ of error in civil cases, and limits the right of appeal to the party aggrieved. While ordinarily it is not competent for a circuit court to determine whether or not an appeal has been properly taken, where the order attempted to be appealed from is clearly not an appealable order, such court may so declare, and hold the appeal ineffectual for any purpose. Brady v. Burke, 90 Cal. 1, 27 Pac. 52; Gregory v. Gregory, 102 Cal. 50, 36 Pac. 364; Fay v.

Davidson, 13 Minn. 523 (Gil. 491) ; Gage v. Rohrbach, 56 Ill. 262. The order or judgment appealed from not being one specified in section 462, no appeal lies, and the attempted appeal was simply a nullity, and might properly be so declared by the circuit court. The attempted appeal being a nullity, the former case was terminated on the dismissal of the action, and was not pending at the time the present action was commenced. The court committed no error, therefore, in excluding the evidence. It necessarily follows from the foregoing discussion that the court was right in directing a verdict in favor of the plaintiff ,as no evidence was offered upon the counterclaim alleged in the answer, and it appearing as a matter of law that the defense of a former action pending was not sustained.

Finding no error in the record, the judgment of the court below, and order denying a new trial, are affirmed.