GRUWELL et ux., Appellants v. HINDS, Respondent

(130 N.W.2d 92)

(File No. 10138. Opinion filed August 24, 1964)

Rehearing denied October 16, 1964

**Hayes & Richards,** Deadwood, for plaintiffs and appellants.

**Overpeck, Hamblin & Mueller,** Belle Fourche, for defendant and respondent.

HANSON, J. In this action to cancel and set aside certain conveyances of real and personal property defendant appeared specially and moved to quash service of process as the same was not served on him within the State of South Dakota and the court therefore lacked jurisdiction. The summons and complaint and a subsequent summons and amended complaint were all personally served on defendant in Arapahoe County, Colorado. Defendant's motion was granted and service of process quashed. Plaintiffs' appeal concerns the jurisdiction of the court to hear and determine this matter.

The test for determining jurisdiction is ordinarily the nature of the case, as made by the complaint, and the relief sought. Mellette County v. Arnold, 76 S.D. 210, 75 N.W.2d 641. So tested this is primarily an action to cancel and set aside certain conveyances from plaintiffs to defendant of real and personal property located in Butte County, South Dakota. The property is specifically described in the amended complaint and plaintiffs, A. C. Gruwell and Anna Marjorie Gruwell, allege they have exclusive possession of the same consisting of a ranch, livestock, farm machinery and equipment. The basis for cancellation alleged in the first cause of action is fraud and misrepresentation of the defendant Oscar Hinds. The basis for cancellation alleged in the second cause of action is that the conveyances were made as part of a business venture in the nature of security for money and funds to be advanced by defendant which he failed to pay. The amended complaint contains the following prayer for relief:

"1. That the deed and bills of sale and all other instruments for the transfer of plaintiffs' property to defendant heretofore mentioned be avoided, discharged, nullified and set aside, and that the title to said real and personal

property be restored to plaintiffs and quieted in them, free and clear of any claim by defendant or persons claiming under him, and that the defendant be excluded and enjoined from asserting any further right, claim, lien or interest in and to said property.

"2. That the defendant be required to account to the plaintiffs for all of the plaintiffs' funds and property received by him and for his use of such property from and after the date of September 12, 1962, and for judgment against the defendant ordering the return of such property or for its value in cash in case it cannot be returned and for the reasonable value of the use of plaintiffs' money and property wrongfully detained from them.

"3. For the plaintiffs' costs and disbursements herein.

"4. For such other and further relief as to the Court may seem proper."

 Defendant maintains this is an action in personam and the trial court properly quashed the constructive service of process upon him. It may be conceded that the original equitable remedies of reformation and cancellation operated in personam upon persons and not in rem against the res. Its decrees could not operate to transfer title. Transfers had to be executed by the parties and obedience compelled by contempt proceedings, injunction, attachment, or like process. However, the equitable power of our courts has been extended by statute making the same operative in rem or quasi in rem. According to 4 Pomeroy's Equity Jurisprudence § 1317, p. 897 "This legislation may be reduced to two general types: 1. That by which the decree itself, without any act of the defendant or of an officer on his behalf, becomes title, and vests a legal estate in the subject matter in the plaintiff; 2. That by which a commissioner, master, or other officer of the court executes the decree, and through his conveyance or other official act transfers the legal estate from the defendant to the plaintiff, or otherwise vests the plaintiff with title."

Our statute comprehensively authorizes both procedures. SDC 1960 Supp. 37.1509 provides that "In all actions arising un-

der this chapter (37.15 for determining adverse claims to real estate), in actions brought for the satisfaction of record of mortgages and other liens upon real property, and in actions for the specific performance of contracts relating to real property, whenever the defendant is not found within the jurisdiction of the Court and service of summons therein is made by publication or personally without the state, or whenever any defendant refuses or neglects to make a conveyance or cancel an incumbrance pursuant to the judgment of the Court, the Court may, by its judgment, determine and establish the title to the property, remove all clouds therefrom, or appoint a commissioner to convey the property on behalf of such defendant." This statutory change in the fundamental character of such actions sustains jurisdiction of our courts over property situated in this state on constructive service of process against nonresidents. Leroy Sargent & Co. v. McHarg, 42 S.D. 307, 174 N.W. 742. "A suit is considered to be a suit in rem or quasi in rem where it has relation to a status, thing, or property in the state, or is one in which property in the state is sought to be reached in satisfaction of the personal obligation of its owner, or is one in which is sought an adjudication of the title to or interest in the property in the state of its alleged owner or claimant. In this regard the state has the same jurisdiction over chattels as over real property; as to chattels within the state, the courts of the state have power to proceed in rem or quasi in rem in actions in which nonresident defendants are brought in by service of process by publication only. Suits quasi in rem are personal in form in that the owner's personal rights in the property are affected by the decree, but since the judgment operates on the property itself, and merely incidentally affects the personal rights of the owner, such suits are regarded in effect as in rem, and are frequently designated as quasi in rem. Almost any kind of action may be instituted and maintained against nonresidents to the extent of any interest in property they may have in the state, and the jurisdiction to hear and determine in this kind of cases may be obtained wholly and entirely by publication." 42 Am.Jur., Process, § 83, p. 72. Also see Annotation 126 A.L.R. 664, 2 L.Ed.2d 223, 51 A.L.R. 754, and 30 A.L.R.2d 208.

In Bunting v. Creglow et al, 40 N.D. 98, 168 N.W. 727, plaintiff brought an action to rescind a contract and cancel a conveyance of property situated in Bowman County, North Dakota. Three of the defendants appeared and answered. Another defendant, The Upper Michigan Land Company, a foreign corporation, was served with process by publication. Defendants contended the foreign corporation was an indispensable party and the court lacked jurisdiction because of constructive service of process on such defendant. The North Dakota court disposed of such contention by stating that, if correct, "the state courts would be powerless to grant relief in any case where the defendant is a nonresident, even if there were but two parties to the transaction, one of which is a nonresident. The contention altogether overlooks the fact that the powers of the courts of equity are now generally coextensive with the subject-matter of the litigation, and that their judgments and decrees may be given full effect by direct action upon any subject-matter that is within their jurisdiction. Equity jurisdiction can no longer be said to be exercised strictly in personam." The court concluded by saying that "In the case at bar, all of the parties to the contract have been made defendants, and all are either actually or constructively before the court. Not being concerned in this proceeding with any question as to the plaintiff's ability to make the decree wholly effective in so far as it may be favorable to him, it is clear that the court had jurisdiction of the subject-matter of the action and sufficient jurisdiction over all of the parties to enter an appropriate judgment".

 Whatever else plaintiffs' complaint may contain it alleges an action in rem or quasi in rem to cancel conveyances and quiet title to real and personal property situated in South Dakota sufficient to sustain constructive service of process upon a nonresident defendant. SDC 1960 Supp. 33.0812 specifically provides that "A summons * * * may be served by publication * * * (5)Where the subject of the action is property in this state and the defendant has or claims a lien or interest, actual or contingent therein, or the relief demanded consists wholly or partly in excluding the defendant from any interest in or lien thereon", and SDC 1960 Supp. 33.0814 further authorizes personal

service of the summons upon any person without the state in lieu of service by publication. Froelich v. Swafford, 35 S.D. 35, 150 N.W. 476. The statute does not require the prior seizure or attachment of the property. Wagner v. Wagner, 110 U.S.App. D.C. 345, 293 F.2d 533. Also the mere fact that in personam relief is also sought by plaintiffs does not defeat the operation of such statutes. See Anno. in 30 A.L.R.2d at p. 220. If defendant appears, the action will become a suit in personam and the court will have jurisdiction over both defendant and the property. If defendant does not appear it will essentially be an action in rem, Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565, and the operation of its judgment confined to the res. It would indeed be an anomalous situation if plaintiff could not have his claim of ownership to real and personal property situated in this state adjudicated here merely because of the nonresidency of another claimant. Sullivan v. Albuquerque Nat. Trust & Savings Bank, 51 N.M. 456, 188 P.2d 169.

Reversed and remanded with instructions to vacate the order quashing service of process.

All the Judges concur.