STATE of South Dakota, Plaintiff and Appellee,

v.

Richard Duane PHIPPS, Defendant and Appellant.

No. 15349.

Supreme Court of South Dakota.

Argued March 25, 1987.

Decided May 20, 1987.

Thomas H. Harmon, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Roger A. Tellinghuisen, Atty. Gen., Pierre, on the brief.

Peter Gregory of Gregory Law Office, Sioux Falls, for defendant and appellant.

GILBERTSON, Circuit Judge.

## PRELIMINARY STATEMENT

Appellant Richard Duane Phipps was convicted of two counts of sexual contact with a minor in Davison County Circuit Court in 1981. We affirmed on direct appeal. *State v. Phipps*, 318 N.W.2d 128 (S.D.1982). This appeal centers on jurisdictional issues surrounding Phipps' quest for post-conviction relief.

## PROCEDURAL HISTORY

During the 1981 trial, the circuit court conducted a hearing to determine the voluntariness of Phipps' confession. The trial court found it to be voluntary but failed to enter written findings of fact and conclusions of law. This court affirmed the trial court's ruling on the voluntariness of the confession. *Phipps, supra.*

Phipps petitioned the Davison County Circuit Court for post-conviction relief in January 1983. The circuit court entered findings of fact and conclusions of law deciding against Phipps on his claim of inadequate representation of counsel at trial. The court placed a letter into the record denying a certificate of probable cause required by SDCL 23A–34–20 (now SDCL 21–27–18.1) to take an appeal to this court. Phipps further failed to apply to this court for such a certificate.

Phipps next sought federal habeas corpus relief under 28 U.S.C. § 2254 in the United States District Court, District of South Dakota, Southern Division in June 1983. The District Court denied Phipps' claim of ineffective assistance of counsel but "remanded" the case back to the Davison County Circuit Court for a more specific factual determination on the question of whether Phipps' confession was voluntary. The District Court further stated in its "remand" order that if the state circuit court found the confession to be voluntary, then the federal habeas petition would be dismissed.

The Davison County Circuit Court held the voluntariness hearing in February 1986. Circuit Judge Thomas L. Anderst entered findings of fact and conclusions of law finding Phipps' confession to be voluntary.

At oral argument, both parties stipulated that the circuit court's findings and order concerning the confession have not been forwarded to the United States District Court. It was also agreed that there has been no action in the District Court file since the "remand" order was issued on December 11, 1985.

Phipps now seeks to appeal the February 1986 decision of the Davison County Circuit Court.[1] This court, however, raised additional jurisdictional questions, *State v. Huftile*, 367 N.W.2d 193, 195 (S.D.1985), which were also briefed by counsel.

## *FEDERAL* AUTHORITY TO RETURN FACT FINDING TO STATE TRIAL COURTS

The federal court doctrine of initially returning to the state trial court the process of fact finding concerning the voluntariness of a confession has long been recognized in the federal system. In *Jackson v.*

---

1. Phipps has raised the issues of (1) the voluntariness of the confession, (2) the alleged pretextual traffic arrest, and (3) the competency of trial counsel. The third issue is not properly before this court since it was not presented at the trial court level. *Lehr v. Department of Labor*, 391 N.W.2d 205, 207 (S.D.1986).

*Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), the United States Supreme Court held that when the issue of voluntariness of a confession was brought to a federal court in a habeas proceeding from a state criminal conviction, the determination of voluntariness was to be initially made by the state trial court rather than the federal court. To do otherwise would "pre-empt functions that belong to state machinery in the administration of state criminal law." *Jackson, supra,* 378 U.S. at 393, 84 S.Ct. at 1790, 12 L.Ed.2d at 925. (*citing Rogers v. Richmond,* 365 U.S. 534, 548, 81 S.Ct. 735, 743, 5 L.Ed.2d 760, 771 (1961)).

In *Boles v. Stevenson,* 379 U.S. 43, 85 S.Ct. 174, 13 L.Ed.2d 109 (1964), the Court reviewed a district court's habeas order which required that the defendant either be released or retried because the state had not properly established the voluntariness of a confession which had been used against him. The Supreme Court citing *Jackson, supra,* modified the district court's order and held that the case be remanded to the state trial court to hold a hearing on the voluntariness of the defendant's confession in lieu of a new trial. *Boles, supra,* 379 U.S. at 45–46, 85 S.Ct. at 175–76. Only if the confession was found to be involuntary was a new trial or release mandated. *Id.*

*Sigler v. Parker,* 396 U.S. 482, 90 S.Ct. 667, 24 L.Ed.2d 672 (1970) is a case similar to *Jackson* and *Boles.* In *Sigler,* the Court ruled that where a state trial court failed to make proper findings on the voluntariness of a confession, the proper remedy is "to allow the State a reasonable time to make an error-free determination of the voluntariness of the confession at issue." *Sigler, supra,* 396 U.S. at 484, 90 S.Ct. at 669, 24 L.Ed.2d at 674. *See also Lufkins v. Solem,* 554 F.Supp. 988 (D.S.D.1983), *aff'd,* 716 F.2d 532 (8th Cir.1983), *cert. denied,* 467 U.S. 1219, 104 S.Ct. 2667, 81 L.Ed.2d 372 (1984); *Hizel v. Sigler,* 430 F.2d 1398 (8th Cir.1970).

Thus, the precedent of returning the fact finding to the state court for an initial voluntariness determination is firmly established at the *federal* level. We then turn to the two *state* jurisdictional issues raised by this court.

## ISSUE I

WHETHER THE SUPREME COURT OF SOUTH DAKOTA HAS JURISDICTION TO HEAR THIS APPEAL, OR MORE SPECIFICALLY, IF THE SUPREME COURT SHOULD DISMISS THIS APPEAL BECAUSE IT HAS NO JURISDICTION DUE TO THE PENDING FEDERAL HABEAS CORPUS PROCEEDING?

■ "It is the rule in this state that jurisdiction must affirmatively appear from the record and this court is required *sua sponte* to take note of jurisdictional deficiencies, whether presented by the parties or not." *Huftile, supra,* 367 N.W.2d at 195 (emphasis original). "This court has consistently held that the right to appeal is statutory and no appeal may be taken unless a statute clearly authorizes one." *South Dakota Dep't of Transportation v. Freeman,* 378 N.W.2d 241, 241 (S.D.1985).

> An appeal may not be taken from an order unless it is authorized by one of [the provisions of SDCL 15–26A–3]. *Wilge v. Cropp,* 74 S.D. 511, 54 N.W.2d 568 [1952]. An attempted appeal from an order from which no appeal lies is a nullity, *Deere & Webber Co. v. Hinckley,* 20 S.D. 359, 106 N.W. 138 [1906], and confers no jurisdiction on this court, except to dismiss it.

*Oahe Enterprises, Incorporated v. Golden,* 88 S.D. 296, 299, 218 N.W.2d 485, 487 (1974). "The test for determining jurisdiction is ordinarily the nature of the case, as made by the complaint, and the relief sought." *Gruwell v. Hinds,* 81 S.D. 6, 8, 130 N.W.2d 92, 93 (1964).

Phipps urges this court to find the jurisdiction to entertain this appeal under SDCL 23A–32–2, 23A–32–15, and 15–26A–3(2). We must find jurisdiction under these statutes or dismiss this appeal. *Oahe Enterprises, supra.*

The genesis of this proceeding began with Phipps filing a habeas corpus petition

in federal court seeking the federal court's relief. No state statutes were invoked, only 28 U.S.C. § 2554. The United States District Court, in its order determining the case, stated in part:

(2) That this action is remanded to the Circuit Court, Davison County, State of South Dakota to make a determination of the voluntariness of the petitioner's confession in the case of the State of South Dakota v. Richard Duane Phipps, No. 80–289.

(3) That if the State Court determines that the confession was voluntarily made, the petition for a Writ of Habeas Corpus would be dismissed....

When the matter came on for hearing in the Davison County Circuit Court, the court made it clear that although the proceedings were captioned "State of South Dakota v. Richard Duane Phipps," the sole purpose of the hearing was to comply with the order of the United States District Court to make a voluntariness determination on Phipps' confession. Furthermore, the circuit court's findings of fact, conclusions of law, and order state that they are entered "pursuant to the Memorandum Opinion and Order ... of the United States District Court, District of South Dakota."

Phipps first cites SDCL 23A–32–2 and 23A–32–15 as the statutory basis for this appeal. These statutes refer to the *direct* appeal of a criminal conviction. Phipps has already received his direct appeal. *Phipps, supra,* was a final determination of the trial record. Phipps cites no authority for the proposition that a federal habeas corpus proceeding somehow reopens a previously final determination of this court thereby affording Phipps an entirely new appeal of his criminal conviction. "The failure to cite supporting authority is a violation of SDCL 15–26A–60(6) and the issue is thereby deemed waived." *State v. Shull,* 331 N.W.2d 284, 285 n. 1 (S.D.1983).

That leaves SDCL 15–26A–3(2) as Phipps' sole remaining claim of statutory right for this appeal. This section states that an appeal may be taken to this court from "(2) An order affecting a substantial right, made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken...." SDCL 15–26A–3(2). We must then decide if the trial court's voluntariness determination "in effect determines [this] action and prevents a judgment from which an appeal might be taken."

At first glance, the United States District Court's order seems to be self-executing, with a dismissal of the *federal* habeas corpus *if* the *state* court finds the confession to be voluntary. Such an order, however, is no longer allowed under the dictates of *Miller v. Fenton,* 474 U.S. 104, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985), which was decided only days before the District Court's order.

In *Miller, supra,* the United States Supreme Court held that "the ultimate question [of] whether, under the totality of the circumstances, the challenged confession was obtained in a manner compatible with the requirements of the Constitution is *a matter for independent federal determination.*" 474 U.S. at ——, 106 S.Ct. at 451, 88 L.Ed.2d at 412 (emphasis supplied). Therefore, the voluntariness of a confession is a legal question requiring independent consideration in a federal habeas corpus proceeding. State court findings are no longer presumed correct since the federal court must make its own determination of whether a confession is voluntary. *Miller, supra.* Thus, before the United States District Court can dismiss this case, *it* must make its *own* independent review of the voluntariness of the confession.

To summarize, the circuit court could not "determine" the *federal* habeas corpus action. Only the federal court could "determine" the outcome of the case after its own independent review. Thus, SDCL 15–26A–3(2) does not authorize an appeal in this case because no state court "determine[d] the action."

This is a federal habeas corpus action which could be dismissed by the United

States District Court at any time.[2] This court would then be rendering an opinion on the merits of a case where no case would exist.

Furthermore, if the District Court dismisses the federal habeas petition, Phipps could appeal to the Eighth Circuit Court of Appeals. 28 U.S.C. § 2253. If this court accepts jurisdiction under SDCL 15–26A–3(2), it could be reviewing the circuit court's findings at the same time the Eight Circuit Court of Appeals does the same. The possibility that the two appellate courts could render opposite rulings on the same issue would then arise.[3]

Phipps further maintains that a federal court issuance of a federal habeas corpus order to a state judicial system somehow expands this court's appellate jurisdiction. Neither party has cited us any authority on this proposition. *See Shull, supra.* To the contrary, the United States Supreme Court has held that the federal courts have no general supervisory power over state trial procedures. *See Harris v. Rivera,* 454 U.S. 339, 102 S.Ct. 460, 70 L.Ed.2d 530 (1981).

In summary, Phipps has failed to establish any statutory basis for an appeal of this controversy to this court. "An attempted appeal from an order from which no appeal lies is a nullity ... and confers no jurisdiction on this court, except to dismiss it." *Oahe Enterprises, supra,* 88 S.D. at 299, 218 N.W.2d at 487.

**2.** If this were to be characterized as a state habeas corpus proceeding under SDCL ch. 21–27, this matter would be summarily dismissed because Phipps has failed to obtain the required certificate of probable cause. SDCL 21–27–18.1.

Furthermore, the judge who presides at the trial cannot preside at the state habeas corpus hearings. SDCL 21–27–14.1. In the case at bar, the same circuit judge presided at trial (sentencing Phipps) and at the proceeding following the "remand" order from the federal court.

**3.** Phipps states that the Eighth Circuit Court of Appeals would as a matter of comity allow this court to make an initial appellate review as to this case. As long ago as 1910, the United States Supreme Court made it clear that the Eighth Circuit Court of Appeals is not to delay federal cases so that they may be tried in South Dakota courts. "[T]he pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having

## ISSUE II

THE JURISDICTIONAL PROPRIETY (UNDER SOUTH DAKOTA LAW) OF THE FEDERAL DISTRICT COURT TO REMAND A FEDERAL HABEAS CORPUS PETITION FOR FACT FINDING TO THE CIRCUIT COURT OF THIS STATE, AND IN THIS PARTICULAR CASE, WHETHER CIRCUIT JUDGE THOMAS L. ANDERST WAS ACTING IN THE CAPACITY OF A FACT FINDER FOR THE UNITED STATES DISTRICT COURT OR IN HIS CAPACITY AS A CIRCUIT COURT JUDGE OF THE STATE OF SOUTH DAKOTA.

As above established, this court has no jurisdiction to hear this appeal. We must therefore leave this interesting question for another day, because we are not in the business of rendering advisory opinions. "An appellate court which lacks jurisdiction of the subject matter cannot acquire jurisdiction by its decisions or otherwise; its proceedings and judgment are absolutely void, and they can have no effect whatever on the proceedings or judgment of the court below." 4 C.J.S. *Appeal & Error* § 42 (1957).

This case is dismissed for want of subject matter jurisdiction.

HENDERSON and MILLER, JJ., and HECK, Circuit Judge, concur.

SABERS, J., dissents.

jurisdiction...." *McClellan v. Carland,* 217 U.S. 268, 282, 30 S.Ct. 501, 505, 54 L.Ed. 762, 767 (1910) (*cited approvingly* in *Iowa Mutual Insurance Co. v. LaPlante,* —— U.S. ——, ——, 107 S.Ct. 971, 980, 94 L.Ed.2d 10, 23–24 (1987) (Stevens, J., concurring in part and dissenting in part).

It must be kept in mind that this is a federal question and that the specter of simultaneous inconsistent rulings is not merely theory or speculation, it has actually happened in the past. *Compare DeCoteau v. District County Court,* 87 S.D. 555, 211 N.W.2d 843 (1973), and *United States ex rel. Feather v. Erickson,* 489 F.2d 99 (8th Cir.1973). The conflict created by these two contradictory decisions ultimately required a definitive ruling by the United States Supreme Court in *DeCoteau v. District County Court,* 420 U.S. 425, 95 S.Ct. 1082, 43 L.Ed.2d 300 (1975).

GILBERTSON, Circuit Judge, sitting for WUEST, C.J., disqualified.

HECK, Circuit Judge, sitting for MORGAN, J., disqualified.

SABERS, Justice (dissenting).

I dissent.

It is basic that the constitutional protections and guarantees of the South Dakota Constitution may be greater than those of the United States Constitution. *State v. Opperman*, 247 N.W.2d 673, 674–675 (S.D. 1976), *citing Oregon v. Hass*, 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975); *State v. Neville*, 346 N.W.2d 425, 427–428 (S.D. 1980), *rev'd on other grounds*, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983).

It is also basic that the South Dakota Supreme Court is charged by statute with the supervision and control of the Unified Judicial System—this obviously includes the circuit courts. SDCL 16-2-20; S.D. Const. art. V, §§ 11, 12. For someone to seriously argue that the Federal Courts have access to courts within the Unified Judicial System but that we have no control or jurisdiction is incredible and a contradiction in terms. No one has access to our courts outside of our jurisdiction.

Some of the reasons given for no jurisdiction are equally incredible. (The opinion, on two occasions, sets up the fictional strawman for the purpose of knocking him down.) The opinion argues that either the Federal District Court or the Eighth Circuit Court of Appeals might go ahead and decide this case which would leave us "hanging" without jurisdiction or there might be simultaneous inconsistent decisions. One has to ask *why* would they do that after sending it to us (in a spirit of comity) in the first place. One *might* even ask *how* would they do that when we have the file *until* we return it to them.

If we don't want this case, we should say so. But we should give the real reason for *not* wanting it—whatever that is. For my part, I think this court should take this case and finally decide it once and for all under the South Dakota and Federal Constitutions.