## Hulst *et al.* v. Doerstler.

1. One setting up two causes of action is not estopped by inconsistent declarations therein, where he is not required to elect on which cause he will rely.

2. One is not estopped to assert an interest in a mining claim by reason of having filed an adverse claim under another location, where the other co-owner has not acted on it.

3. One co-owner attempting to exclude another from a mining claim by a relocation does not thereby abandon the land.

(Opinion filed May 21, 1898.)

Appeal from circuit court, Lawrence county. Hon. A. J. Plowman, Judge.

Action by George W. Hulst and Virgil T. Price against Isaiah H. Doerstler, to determine the right of possession to certain mineral land. From a judgment for defendant, and an order denying a new trial, plaintiffs appeal. Reversed.

The facts are stated in the opinion.

*James W. Fowler*, for appellant.

*McLaughlin & McLaughlin*, for respondent.

Haney, J.   This is a proceeding commenced in the circuit court under Section 2326, Rey. St. U. S., to determine the right of possession to certain mineral land in Lawrence county. The action was tried by the court, and resulted in a judgment for defendant, from which, and an order denying a new trial, plaintiffs appealed.

The complaint contains two causes of action. In the first count it is alleged that in 1892 the ground in dispute was part of the public mineral domain, free and open to exploration, occupancy and purchase, and was located by one Thomas B. Hart as the "Ballard Lode Claim," who, for a valuable consideration, conveyed the same to plaintiffs and one Abner D. Stewart, who subsequently conveyed his interest therein to plaintiffs; that since discovery, location, and appropriation Stewart and plaintiffs performed more than $300 in improving and developing the property in 1892 and 1893, and are still improving and developing the same; that plaintiffs and their grantors have in all things complied with the rules, regulations customs and laws for the purpose of holding their possession thereof; that defendant claims an interest in such lode, or

to some 'part thereof, adversely to plaintiffs, to-wit, claims the northerly 1,300 feet, more or less, thereof, under and by virtue of a pretended claim known as the "Freemont Lode," but plaintiffs allege that said pretended claim is false, fraudulent, fictitious and unfounded, and that defendant has no right, title, or interest in or to said Ballard lode, or any part thereof, and that he threatens to oust plaintiffs therefrom; that defendant claims to be the owner of the Freemont lode by reason of a pretended location by defendant and one McKenna, and by virtue of the publication of a notice of forfeiture; that defendant made application for patent to the Freemont lode which was adversed by plaintiffs and this action commenced. In the second count it is alleged that in June, 1887, defendant and one McKenna located the Freemont lode; that on January 6, 1892, plaintiffs had acquired by mesne conveyances from McKenna an undivided three-fourths interest in such lode; that said locators, from the date of location until the conveyance thereof, peformed the required amount of labor in improving and developing the claim, and that since such conveyance plaintiffs and their grantors have each year performed the required amount of labor thereon, and complied with all the rules, regulations, customs and laws relating thereto; that defendant claims an interest in said claim adversely to plaintiffs, to-wit, claims to be the owner thereof by virtue of said location recorded by himself and McKenna, and by virtue of the publication of a notice of forfeiture, but plaintiffs allege that said pretended claim of defendant is false, fraudulent, fictitious and unfounded, for that defendant has performed no work or labor and has expended no money upon said claim, and has made no development or improvements thereon, and has caused none to be made upon

the same, or any part thereof; that defendant made application for patent, which was adversed by plaintiffs and this action commenced; that plaintiffs own and are in possession of the Ballard lode; that the Freemont lode conflicts with the Ballard; that defendant claims under the pretended Freemont lode about 1,300 feet of the northerly portion of the Ballard, and that the nature, boundaries and extent of such conflict and adverse claim are fully set forth and duly verified in the adverse claim of plaintiffs, filed in the local land office. Plaintiffs pray the court to decree that they are the owners of the Ballard lode, and entitled to possession thereof; that defendant has no right, title or interest in or to any part of the premises; that he be perpetually enjoined from interfering with plaintiffs' ownership or possession; that plaintiffs recover their costs and disbursements; and for such other and further relief as may be just and equitable. The answer practically puts in issue all the facts alleged in the complaint except the location of the Freemont lode by McKenna and defendant, the application of defendant for patent, plaintiffs' adverse, and the commencement of this action within thirty days after the adverse was filed, and contains a counterclaim wherein it is alleged that McKenna and defendant located the Freemont lode in June, 1887; that the interest of McKenna passed by mesne conveyances to Henry H. Keimer prior to January 1, 1892; that in 1892 defendant performed at least $100 worth of labor on the claim; that in January, 1893, he published notice of forfeiture; that Keimer and the other co owners failed to pay their proportion of the assessment work for 1892 within the time required by law; that the pretended Ballard claim mentioned in the complaint conflicts with the Freemont; that plaintiffs filed a protest and adverse

claim in the local land office for that portion of the Freemont which is in conflict with the Ballard, alleging that the Freemont was and is of no validity whatever, by reason of which defendant's application for patent has been delayed; and plaintiffs should be estopped from asserting any right, title, or interest in or to the Freemont lode, or any part thereof, because of their claim of title to the same ground by reason of the location of the pretended Ballard lode location, and because of the declaration in relation thereto contained in the complaint. Plaintiffs' reply to the counterclaim is a general denial. When the cause was called for trial, plaintiffs moved the court to have the case dropped from the calendar of the term under a rule of court in force in the Eighth circuit, to which defendant objected. The motion was denied, and plaintiffs declined to offer any evidence in support of either of their causes of action. Plaintiffs' motion was, in effect, an application for continuance addressed to the sound discretion of the court. There was no abuse of discretion in denying it. Because of the counterclaim, plaintiffs could not dismiss the action without defendant's consent, and the court properly proceeded to hear and determine the issues raised by the allegations of the counterclaim and reply. Its material findings are supported by the evidence.

So far as necessary to an understanding of the questions involved, they are, in substance, as follows: That the Freemont lode was located by McKenna and defendant in June, 1887; that thereafter said locators and their grantees performed, or caused to be performed, the required assessment work each year until the commencement of this action; that during the years 1892, 1893 and 1894 the annual assessment work was

done by or at the expense of defendant; that prior to January 1, 1892, the interest of McKenna passed by mesne conveyances to one Henry H. Keimer, and subsequently to the plaintiffs; that in 1893 defendant attempted to adverse out his co-owner or owners, but failed because the notice was not published in the newspaper nearest the claim; that the Ballard lode conflicts with the Freemont, the former including nearly all of the latter. The court concluded, as matter of law, that the Ballard lode has no validity whatever; that plaintiffs abandoned all their interest in and to the Freemont lode by taking title to the Ballard, applying for a patent thereunder, and adversing the Freemont, and are estopped from claiming any interest in the Freemont; that by reason of such abandonment their interest passed to defendant, and he became the owner thereof.

Plaintiffs' pleadings present a remarkable combination of contradictions. It is alleged in one part of the complaint that defendant and McKenna located the Freemont lode, that plaintiffs own three-fourths of it by mesne conveyances from the locators; and in another part, that the pretended claim known as the Freemont lode is false, fraudulent, fictitious and unfounded. They allege in the complaint that defendant made application for patent, which was adversed, and this action commenced; all of which they deny in the reply. They claim to be owners of three-fourths of the Freemont lode in one breath and in the next assert that in January, 1892, the ground included therein was part of the public mineral domain, free and open to exploration, occupancy, and purchase. It is alleged in the counterclaim that plaintiffs are estopped from asserting any right, title or interest in or to the premises because of their claim of title to the same ground under the pretended

Ballard location, and the court concludes as matter of law that by reason of their taking title to the Ballard lode, applying for a patent thereunder, and adversing the Freemont, they abandoned all their interest therein. In dealing with this peculiar record the court has derived but little assistance from adjudicated cases. An authority strictly in point has not been discovered. It cannot be said that plaintiffs are estopped by the pleadings from claiming an interest in the Freemont lode, because they were not required to elect upon which cause of action they would rely. The parts of their complaint alleging the validity of the Freemont claim are entitled to as much consideration as those which deny its continued existence from 1887. It would seem proper to eliminate the complaint for the purposes of this appeal, and to determine the rights of the parties upon the issues raised by the counterclaim and reply. Taking this view, we have one owner failing in an attempt to "advertise out" his co-owners by reason of the notice having been published in the wrong newspaper, and contending that such co owners are estopped from claiming any interest in the property by reason of having filed an adverse claim under another location. This estoppel, if it exists, is an estoppel by conduct. To constitute such an estoppel, the conduct of plaintiffs must have induced defendant to act upon it. Bigelow, Estop. 570. Nothing of that sort appears in this case. Defendant would have acted just as he did had plaintiffs never attempted to secure the ground by means of the Ballard location. He was seeking to secure the property by means of a forfeiture, and his action was not, in any legal sense, influenced by the conduct of the plaintiffs. We have shown that plaintiffs are not estopped by the declarations of their com-

plaint, and the only remaining question is whether their conduct constitutes an abandonment.   The record discloses that plaintiffs have expended large sums in developing the property, but defendant claims this was done under and for the purpose of sustaining the Ballard location.   It is conceded, and all the decisions hold, that abandonment depends upon intent. It would seem that the difficulty of applying this principle to the undisputed facts of this case arises from a failure to distinguish between a manifest intention to abandon one's rights under any particular location and an intention to abandon the property itself.   Plaintiffs were evidently not intending to abandon the ground involved in this action; on the contrary, they were doing all in their power to retain possession of and secure title to the whole of it.   However ungenerous it may have been for plaintiffs to attempt to exclude defendant from the premises by means of a relocation, it certainly cannot be contended that they intended to relinquish the land and leave it open and unoccupied.   Our conclusion is that, upon the facts revealed by the record before us, defendant should have been adjudged to be the owner of one-fourth of the Freemont claim, and plaintiffs to be the owners of three-fourths thereof, leaving the parties as co-owners to adjust their respective equities by contract, or in a proper proceeding.   The judgment of the circuit court is reversed and a new trial is ordered.