## TRIPP v. CITY OF YANKTON.

Error in sustaining a demurrer to a complaint on the ground that several causes of action are improperly united is waived by plaintiff requesting leave and being allowed to dismiss one of the causes.

(Opinion filed December 21, 1898.)

Appeal from circuit court, Yankton county, Hon. E. G. SMITH, Judge.

On rehearing.

Action to cancel a special tax. Defendant had judgment and plaintiff appealed. In an opinion reported in 10 S. D. 516, 74 N. W. 447, the judgment was reversed. In this opinion upon rehearing the former judgment of this court is reversed and the judgment of the trial court affirmed.

*C. H. Dillon* and *R. B. Tripp*, for appellant.

*A. H. Orvis*, city attorney, and *French & Orvis*, for respondent.

FULLER, J. In our former decision 10 S. D. 516, 74 N. W. 447 this case, now before us on rehearing, was reversed for the sole reason that the trial court erroneously held on demurrer that several causes of action were improperly united in appellant's second amended complaint. After a jury was sworn to try the cause, appellant asked and obtained leave of court to add to his first cause of action—the object of which was to restrain a sale of his premises to satisfy a special sidewalk assessment—a paragraph relating to damages occasioned in the year 1896 by changing the surface of the ground for the purposes of such sidewalk on the west side of his property to conform to grade. Thus amended, the complaint stated three properly

united causes of action, the second of which was to recover for
further and different injury occasioned by the grading above
mentioned, and the third was for damages to the same prop-
erty, sustained in a similar way during the year 1894. Now,
as the demurrer went to the entire complaint, and not merely
to one or more of the several causes of action therein stated, a
holding that several good causes of action are improperly
united imports no inference that any particular one of such
causes must be dismissed. but that, in the opinion of the court,
they should be "divided into as many actions as may be neces-
sary to the proper determination of the causes of action there-
in mentioned." Comp. Laws, § 4937. Rather than submit to
the statutory method of dividing a complaint into separate
causes of action, or to appeal directly from the order entered
on demurrer, and to which an exception was duly taken, appel-
lant, upon his own motion, thereupon singled out and dismissed
his third cause of action, as shown by the following proceed-
ings: "Plaintiff asks leave to amend by being permitted to al-
low his second amended complaint to stand as before without
the third cause of action. By the Court: If the request is to
be understood as eliminating the third cause of action from this
proceeding entirely, which the court understands to be the ef-
fect, it will be allowed." In the absence of a counterclaim or
showing that a discontinuance would materially prejudice re-
spondent, appellant had a right to dismiss, either before or
after issue was joined, one or all of his causes of action; and a
denial of such application would constitute an abuse of discre-
tion. Schaetzel v. City of Huron, 6 S. D. 134, 60 N. W. 741.
It requires no elucidation to show that appellant was not re-
quired to elect upon what causes of action he would stand, but,

in legal effect, chose to dismiss his third cause of action, and was granted neither more nor less than that for which application was voluntarily made. So far as it concerns appellant's right to a review of the error complained of, the case stands as though he had, upon his own motion, dismissed the entire action immediately upon taking an exception to the order sustaining respondent's demurrer to his second amended complaint, in which event his right to an appeal or to a review of error, however prejudicial, would be forever lost. 6 Enc. Pl. & Prac. 1003, and cases there collated. In our former decision it was found that the record disclosed no error occurring subsequent to what we now hold to be a self-invited dismissal of the third cause of action, which a reversal would not operate to restore, and by means of which appellant abandoned his exception to the order sustaining a demurrer interposed to the entire complaint. Receding, as we must, from our former decision that upon the point here discussed the case should be reversed and remanded for a new trial, the judgment is in every respect affirmed.