## COOKE v. McQUATERS

1. An order sustaining a demurrer and granting leave to file an amended complaint was not a final judgment, and the plaintiff could dismiss his action, notwithstanding the order, at any time before final judgment was entered, where no counterclaim had been interposed, or any special injury shown as resulting therefrom to the defendant.

2. Whether an action shall be dismissed with or without prejudice rests in the discretion of the trial court.

(Opinion filed May 10, 1905.)

Appeal from circuit court, Davison county; Hon. FRANK B. SMITH, Judge.

Action by H. J. Cooke against Alex McQuaters. From a judgment in favor of plaintiff, dismissing the action without prejudice, defendant appeals. Affirmed.

*E. E. Wagner*, for appellant.

*E. H. Wilson*, for respondent.

CORSON, P. J. This is an appeal by the defendant from "that part of the judgment of the circuit court denying the defendant's motion for judgment dismissing said action, and a judgment in favor of plaintiff dismissing the said action without prejudice on account of any proceedings had therein, and granting leave to the plaintiff to bring another action on the same subject-matter." A demurrer was interposed to plaintiff's complaint by the defendant, upon the ground, among others, that the complaint did not state facts sufficient to constitute a cause of action, upon which the following order was entered: "The defendant in this action having appeared and served a demurrer to the plaintiff's substituted complaint, * * * it is ordered that the defendant's demurrer to the plaintiff's substituted complaint, served on the 16th day of June, 1903, be, and the same is hereby, sustained, and the plaintiff is granted ten days from this date in which to serve upon the defendant's attorney an amended complaint, without terms. If the plaintiff shall not serve his amended complaint within said time, this action shall be dismissed, and the lis pendens filed by the plaintiff in said action in the office of the register of deeds of Davison county, South Dakota, shall be discharged, and the defendant have judgment for his costs and disburse-

ments in this action against the plaintiff. Done at Mitchell, South Dakota, this 21st day of August, A. D. 1903." This order was duly served upon plaintiff's attorney, on the 22d day of August, 1903. On the 1st day of February, 1904, the defendant served upon plaintiff's attorney the following notice: "Please take notice that * * * the defendant will move the court to render judgment in favor of the defendant, and against the plaintiff, dismissing said action, and for costs. Said motion will be made upon the papers and files in said action, together with the annexed affidavit." The affidavit referred to was, in substance, that the defendant had served a true copy of the order on plaintiff's attorney on the 22d day of August, 1903, and that no amended complaint or other pleading or paper of any kind whatever had been served upon deponents since said order sustaining the demurrer to plaintiff's substituted complaint was made and entered. On the 16th day of February, 1904, pursuant to said notice, both parties appeared before the court by their respective attorneys, and the motion was submitted to the court, and thereafter, on the 18th day of said month, the court rendered the following judgment: "This matter coming up for hearing upon defendant's motion for judgment and upon plaintiff's motion for dismissal of the action, without prejudice by reason of any proceedings had herein, * * * and the court being fully advised, it is ordered that this action be, and the same is hereby dismissed, without prejudice by reason of any proceedings had herein, and the lis pendens filed in this action is hereby discharged and ordered canceled of record, and the register of deeds is hereby directed to enter this in full satisfaction of said lis pendens which was filed in his office at Mitchell, in said coun-

ty, on or about the 18th day of March, 1903. It is further ordered that, if the plaintiff begins any other action on the same subject-matter against this defendant, that such action shall be dismissed, unless he pay to the defendant or his attorney, E. E. Wagner, the costs of this action within ten days after the same has been duly taxed. Done in said circuit court this 18th day of February, 1904." As before stated, the appeal is from that part of the order which provides that said dismissal shall be without prejudice, and denying the defendant's motion for a judgment as prayed for.

Two questions are therefore presented: (1) Did the court err in denying defendant's motion for judgment absolute? (2) Did the court err in granting plaintiff's motion and in dismissing the action without prejudice?

The appellant contends (1) that the granting of the respondent's motion was in excess of the discretionary power of the trial court; (2) that the plaintiff's motion to dismiss without prejudice was heard by the court without notice to appellant, at chambers, after the submission of the case on appellant's motion for judgment, and that the action of the court, therefore, was irregular and unauthorized; (3) that it was prejudicial to the rights of the appellant to dismiss the action without prejudice, for the reason that it unnecessarily and unjustly prolonged the defendant's litigation, and constituted a cloud upon appellant's title to the property involved; (4) that the order sustaining the demurrer was. res judicata, and the court, therefore, could only render final judgment dismissing the action. It is insisted by the respondent, in support of the judgment of the trial court, that the order sustaining the demurrer was not a final determination of the action, and that

after such order was made the plaintiff had the right at common law to either amend his complaint within the time specified, or dismiss his action without prejudice.

We are inclined to take the view that the respondent is right in his contention. This court has, in effect, held that the plaintiff may dismiss his action at any time before judgment, unless a counterclaim has been interposed or the rights of the defendant would be specially prejudiced by a dismissal of the action, and that, when such counterclaim or circumstances show that the defendant would be specially prejudiced by the dismissal, the court may deny the motion to dismiss. In Schaetzel v. City of Huron, 6 S. D. 134, 60 N. W. 741, this court says: "While the common law seems to vest the court with no discretion, but allows a plaintiff to dismiss his suit before or after issue is joined, as matter of absolute right, and without leave of court, it appears to us that there may be, in the case of an intervener, controlling circumstances to be considered, * * * and if such dismissal would materially prejudice the rights of a party to the action, as in the case of a counterclaim, a regard for the substantial rights of litigants, and a disposition to avoid a multiplicity of suits, suggest that an order granting a discontinuance of an action might with propriety be refused." The same view was in effect taken by this court in the following cases: Hulst v. Doerstler, 11 S. D. 14, 75 N. W. 270; Axiom Min. Co. v. Little, 6 S. D. 438, 61 N. W. 441; Todd v. Todd, 7 S. D. 174, 63 N. W. 777; Tripp v. Yankton, 11 S. D. 353, 77 N. W. 580. In the case at bar the order sustaining the demurrer and granting leave to the respondent to serve and file an amended complaint within 10 days, and providing that, in case no amended complaint should

be filed, a judgment might be entered, was not a final judgment of the court, and did not determine the case on its merits. Respondent, therefore, had the right to dismiss his action at any time before a final judgment was entered. Upon the application for a final judgment the respondent asked leave to dismiss his action without prejudice, and the court thereupon granted his motion and denied the appellant's motion for a judgment absolute. In our opinion, the court committed no error in granting the respondent's motion, as no counterclaim had been interposed, and no circumstances were shown that any special injury would result to the appellant by the granting of the plaintiff's motion. It is true the judgment of dismissal without prejudice could not be pleaded as a bar to a subsequent action, but the appellant was not entitled to a judgment that would be a bar, as a matter of absolute right, without a trial of the case upon the merits, or a judgment by default.

We are of the opinion that the question whether or not the action should be dismissed with or without prejudice was in the sound judicial discretion of the circuit court, and its ruling thereon will not be reversed unless it is shown that there has been an abuse of such discretion. No such abuse is shown in this case, as the court seems to have carefully protected the rights of the appellant by vacating and setting aside the notice of pendency of the action, and thereby removing, so far as the court's records are concerned, any apparent cloud upon the appellant's title. And it will be noticed that the court further ordered that in case of the commencement of another action the same should be dismissed unless the respondent pay the costs of this action.

The appellant having no right to have a judgment without

any qualification, the court committed no error in denying his motion. Whether or not a judgment upon demurrer absolute in form would or would not constitute a bar to a subsequent action, it is not now necessary to decide.

The judgment of the circuit court dismissing the action without prejudice is affirmed.