## ROSEKRANS, Respondent, v. WAGNER, Appellant
### (135 N. W. 681.)

1. **Admitting Evidence—Harmless Error.**

    It is not reversible error to admit, over objection, evidence of a fact established by direct testimony of appellant's witness.

2. **Judgment—Res Judicata—Conclusiveness by Estoppel.**

    The decision in the former action, requiring one who was decreed to be the owner of the land (involving a tax title) to pay to the opposite party the amount of taxes he had paid on the land, within a given period, for which amount judgment was to be rendered, was not itself a final judgment, and was not conclusive by way of estoppel by becoming a final adjudication in favor of ownership in the party required to make such payment, at the expiration of such period; but such decree constituted only an interlocutory judgment which remained under control of the court.

3. **Judgment Involving Tax Title—Redemption from Tax Title on Motion.**

    A judgment voiding a tax title and requiring original owner to pay within a specified time sums expended by holder of tax title, and reserving authority to the court to extend time for redemption, authorizes that court, on motion, to allow original owner, or his successor in interest, to redeem after such time has expired; and the court may exercise its authority in an independent action by the successor in title, to determine adverse claims based on the tax title.

(Opinion filed, April 2, 1912.)

Action by Laura E. Rosekrans against James A. Wagner, to determine adverse claims to land. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

*Albert Gunderson,* for Appellant.

The point we make is this, The action commenced in 1903, wherein the plaintiff set up the same cause of action and rested his claim on the same conveyance under which this defendant is now claiming is a bar to this action. Before that action was tried this defendant was allowed to come in "as the real party in interest" and did come in under the same tax deed that is now sought to be set aside; the case was tried on its merits and the present plaintiff's grantee was permitted to redeem by the payment of certain sum within a specified time, a lis pendens was filed in that action, the judgment quieting the title in this defendant unless

said payment was made within sixty days was duly entered and served, the time for making the payment was allowed to lapse, the payment was not made, no effort was made to get an extension of time in that action, no appeal was taken from the judgment and the time for appeal was allowed to lapse. In the face of this record the land is transferred to the plaintiff herein; at the time of the transfer the attorney for the defendant in that action acted as attorney in making the transfer from Jasper F. King to the plaintiff herein so that this plaintiff stands in no different position than Jasper F. King did in regard to the former action. While it might be conceded for the purpose of this argument that had Jasper F. King made an application to the circuit court in that case, during the lifetime of that case and before the action had terminated under the statute and the rule laid down in the case of Bright v. Juhl, for an extension of time within which to make the payment provided for in said judgment and had made such application within one year to be relieved under the statute on account of mistake or excusable neglect it would have been within the equity power of the circuit court to have granted such relief but it was not within the power of that court to grant such relief in an action brought after the termination of the former action which last action is brought for the purpose of making a collateral attack on the judgment in the former case.

If we are correct in this position then the judgment appealed from and the order denying plaintiff's motion for a new trial must be reversed.

There is, however, one point that we desire at this time to call the Court's attention to, and that is the objection to the introduction of Ex. I (the check) in evidence, this objection should have been sustained and the motion to strike out Mr. Whitcher's testimony in regard to the same should have been sustained for the following good and sufficient reasons: A check is not a tender and this check certainly was not, in the form that it was offered, it purports to have been drawn on a certain bank, there was no evidence offered that such a bank existed at the time the check was drawn, there was no evidence offered that the bank was solvent or a bank of good repute, there was no evidence offered

to show that the drawer of the check had any money or funds in the bank on which it was drawn, in other words there was absolutely no foundation laid for the introduction of the check. The obligation was for the payment of money, no money was offered and no amount of money was immediately deposited in the name of the creditor with some bank of deposit within this state, of good repute, and no notice of any such deposit was given to the creditor as provided by Section 1166 of the Civil Code and the testimony shows that there was a condition attached to the delivery of the so-called check.

With this evidence excluded, as it should be, there is nothing on which to base the judgment below in this action.

*L. E. Whitcher* and *A. B. Fairbank,* for Respondent.

The defendant, Wagner, is not in a position to claim forfeiture on the part of the plaintiff.

The record shows and the court found that Wagner was never served with any summons in the original suit and never appeared in the action in any manner. Furthermore, he repudiated any interest in the decree whatever and refused to accept the money deposited and refused to be bound by the decree, he cannot therefore now turn around and claim because the money was not deposited in cash in the office of the clerk of courts that our client has forfeited all rights under the decree. In other words, he cannot at one time claim that he is not a party to the suit and by that claim keep out of court and keep from being bound by the decree, and then later after the time for payment has expired claim that he was a party to the suit and seek to take the benefit of the decree and to have a forfeiture decree against the other party to the suit for not paying him the money. We do not think there is any necessity of citing cases or going into any extended argument upon this proposition. If Wagner had admitted that he was a party to the former action and that he was bound by the same and had objected to the check of the defendant or had intimated that he would accept the money of the defendant, if paid in cash, there is no question but what the money would have been paid within the sixty days and the rights of the defendant in that action protected, but by refusing to be bound by the decree and

claiming that he was not a party to the suit, he deceived the defendant in believing that nothing had been gained by the action; that the payment of the cash into the court was an idle act as it was not binding upon Wagner and he induced the defendant to allow the sixty days to expire without making a strict compliance with the order. He cannot now take advantage of his actions and ask this court by a strict enforcement of the order to declare a forfeiture against this plaintiff.

The case of Grindall v. King not res judicata in this case.

We do not think it needs any elaborate argument to show that a decree entered against a party after he has parted with all interest in the land is not binding upon his grantee unless the title passed after the action was begun and notice of lis pendens was filed. This court has already determined that question in the case of State v. Coughran, 103 N. W. 31. We quote from the syllabus, "The judgment quieting title in favor of plaintiff as against defendant is not evidence of plaintiff's title in a subsequent action brought against him by one who succeeded to the title of the defendant prior to the institution of plaintiff's action, and who was not a party to such action."

It further appears in this case that Wagner refused to be bound by the former decree and did not recognize it as binding upon him, and the trial court has made a finding to that effect which has not been assailed. Under these circumstances, we fail to see how the case of Grindall v. King can be held to be res judicata in this suit.

The decree in the case of Grindall v. King was not a final decree.

The decree in the case of Grindall v. King was in the nature of a conditional order, the finality depending upon certain contingencies that might or might not occur. It was not a final determination of the questions at issue between the plaintiff and the defendant. As we have pointed out in the statement of facts there were four distinct parts to this decree. The first was an absolute decree quieting the title in the defendant, King. The second was an absolute decree setting aside the tax deed of the plaintiff, Grindall. The third gave the plaintiff, Grindall, a per-

sonal judgment against the defendant, King, for two hundred forty-eight and ninety-six hundredths (248.96) dollars and made this judgment a lien upon the land until paid. The fourth part of the decree was in the nature of an interlocutory order and provided that if the defendant paid the judgment within sixty days he was to have immediate possession of the land, on the other hand if he failed to pay the judgment within sixty days, then all his interest or lien upon the land was to cease to exist. The decree does not provide what tribunal was to determine the question as to whether the payment has been made within the sixty days or not, and it does not say that if the money is not paid that the plaintiff, Wagner, is decreed to be the fee owner of the land. In fact it does not say what shall happen as to the title of the land in case the money is not paid. It is evident that at the end of the sixty days there had to be a final determination of the rights between the parties. The decree had definitely and absolutely set aside the tax deed and cancelled any interest of Grindall or Wagner in the land, except a lien for taxes. If the lien was not paid the holder of the lien would have to foreclose the same against the land or else apply to the court for a further order or decree. It can scarcely be maintained that this lien was to ripen into an absolute fee title in land without any further decree of the court or any other tribunal merely upon the lapse of sixty days There would be absolutely nothing for Wagner to base his title upon and no way of his showing conclusively that the money had not been paid. On the other hand, if the decree was not a final decree in favor of King at the time it was entered the clerk of courts certainly could not make it a final decree sixty days later by filing a receipt showing that the money had been paid. No one but the court would have a right to make such a decree establishing the ownership in real estate. Stratton v. Dewey, 79 Fed. Rep., page 34; George Barker, as administrator of Henry Jones v. Walter Craig, 127 U. S. 215; McAnnally v. Hayne, 42 S. W. 1049; Ligon v. Ligon, 17 S., page 89.

HANEY, J. This is an action to determine adverse claims to a quarter section of land in Hyde county; the plaintiff alleging she is the owner in fee and entitled to possession as grantee of the original patentee, Jasper F. King.

The defendant alleges in his answer "that he is the owner in fee simple of the premises described in the plaintiff's complaint, and was so adjudged and decreed in an action in the circuit court within and for the county of Hyde, S. D., wherein this defendant was the assignee of the plaintiff, Olin Grindall, therein, in the action entitled 'Olin Grindall v. Jasper F. King,' involving the premises· described in the complaint, in which action the said Jasper F. King was the same Jasper F. King who is the plaintiff's grantor of the premises involved, and this defendant alleges that in the said action the said circuit court made and entered its judgment and decree upon the 9th day of December, A. D. 1905, and adjudgiving and decreeing that this defendant was the absolute and unqualified owner of said premises, and that any and all claims of the said defendant, Jasper F. King, this plaintiff's grantor, shall not be considered a cloud upon the title of the said plaintiff's grantee, James A. Wagner, which said decree was duly filed, served, and recorded in the office of the said circuit court, a copy of which is hereto attached and made a part hereof; that the said judgment is still the judgment of the said circuit court; that the same has never been appealed from and has never been modified or amended, and that the time for appealing therefrom has elapsed by the statute of limitations; that the plaintiff in this action and her agents and attorneys had full knowledge of the existence of the foregoing alleged facts in connection with the above ···· ed action, the judgment, and the aforesaid decree, and took her purported title with full knowledge of the rights of the de ··· ·t: and specially denies each and every allegation of the com 'aint not herein denied, admitted, or qualified."

The trial court found the facts to be as follows: That title to the land in controversy was acquired by Jasper F. King from the United States May 5 1893, by patent recorded September 15, 18 That King conveyed the same to the plaintiff August 17, 1906 by a deed recorded September 8, 1906, and that the plaintiff is the owner in fee thereof. That on May 12, 1899, a tax deed issued to George H. Pease, which was recorded July 6. That Pease conveyed all his interest under tax deed to Olin Grindall, by quitclaim deed, June 21, 1900, which was re-

corded July 6, 1900, and that Grindall and wife conveyed all their interest under the tax deed to the defendant by quitclaim deed, May 5, 1903, which was recorded May 19, 1905. "That the said treasurer's tax deed for said land is void upon its face, and states that Hyde county did on the 4th day of November, 1895, purchase at public auction, at the door of the courthouse in said county, the tract, parcel, or lot of land above described, which lot was sold to Hyde county for the sum of $22.95. And the said deed also states on its face 'which was the last [least] quantity of the tract above described that would sell for the amount due thereon for taxes, costs and charges as above specified.' That the defendant, James A. Wagner, and his grantors have not paid the taxes assessed against said land for 10 successive years before the sale of said land for taxes, but that they have paid the following taxes for the years herein stated, and in the amounts stated, as shown by the books of the treasurer of Hyde county, and that the interest on the same down to this date is as follows: * * * Total, $337.01. That about the 1st day of August, 1904, an action was begun in this court by the said Olin Grindall, as plaintiff, against the said Jasper F. King, as defendant, and that the purpose of said action was to quiet the title in the plaintiff upon the land herein described. That no lis pendens was filed in said action at the time the suit was started, and that after the beginning of said action the said Olin Grindall conveyed all his interest in said land to this defendant, James A. Wagner, as set forth in paragraph two herein. That the case was tried to the court at the November term, 1905, of this court, and that the said James A. Wagner was not made a party to the said suit, and was not bound by said action. That a decree was entered in the said action on the 6th day of February, 1906, in which, among other things, it was decreed by this court that the tax deed set forth herein was illegal and void and conveyed no interest to the said George H. Pease and his grantees, except a lien for the taxes paid by them. That it was also decreed that James A. Wagner, as grantee of the said Olin Grindall, have judgment against the defendant, Jasper F. King, for $248.96, being the amount due for the taxes paid on said land by the said James A. Wagner and his grantors, as shown by the

treasurer's books of Hyde county, and interest to that date. And it was further decreed therein that the said judgment should be paid within 60 days from the entry of said decree. The court further finds that before the expiration of the said 60 days Jasper F. King, by his attorneys, deposited with the clerk of this court a check for the said $248.96 and demanded that the said James A. Wagner turn into the clerk of court's office the tax certificates outstanding against said land, but that the said James A. Wagner neglected and refused to turn in to the clerk of this court any of the tax certificates outstanding against said land, and refused to be bound by the said decree, and did not accept the check deposited by the said Jasper F. King, and that said decree, entered February 6, 1906, never became a final adjudication of the rights of the parties in said land, and did not determine the rights of the parties to this suit in said land."

From the facts so found, the court concluded that the plaintiff is the owner of the land and entitled to its possession; that the tax deed is void on its face; that the defendant is entitled to a' lien on the land for the amount of taxes paid by himself and his grantors, with interest, amounting to $337.01; that the defendant has no other right, title, or interest in or to the land; that the plaintiff is entitled to a decree quieting title in her, as against the defendant and all persons claiming through or under him, upon payment into court, for the defendant, of the sum of $337.01. A judgment reciting the payment of this sum into court having been accordingly entered, the defendant appealed therefrom, and from an order denying his application for a new trial.

[1] The overruling of defendant's objection to the admission of the check deposited with the clerk by King's attorney in the former action was not reversible error, for the reason that it merely tended to prove a fact established by the direct examination of the celrk, testifying as defendant's witness.

As the sufficiency of the evidence to justify the findings of fact is not challenged in the record or discussed in appellant's brief, the only other matter, if any, properly presented for review is whether such findings sustain the judgment.

[2] As we understand the argument of counsel, it is contended that the deposit of the check did not meet the requirement of the former judgment as to payment or tender of the amount expended by the holders of the tax title; that upon the expiration of 60 days the judgment became a final adjudication, vesting title to the land in Wagner; and that the judgment thus resulting from King's failure to deposit the required sum in money is a complete bar to the present action. The contention is not tenable. "The character of conclusiveness, by way of estoppel, attaches only to final judgments, not to interlocutory judgments or orders, which remain under the control of the court, except where they dispose finally of some distinct branch or part of the case, or are appealable as being orders affecting the substantial rights of the parties." 23 Cyc. 1232. The applicable principle is the same as that announced by this court when it decided that an order sustaining a demurrer to the complaint, on the ground that it did not state a cause of action, which granted the plaintiff 10 days to serve an amended complaint, and which provided "if the plaintiff shall not serve his amended complaint within said time this action shall be dismissed," did not preclude the plaintiff from maintaining another suit involving the same cause of action. Cooke v. McQuarters, 19 S. D. 361, 103 N. W. 385.

[3] Assuming Wagner should be regarded as a party to the former action, the judgment, construed in the light most favorable to his present contention, determined that his tax title was invalid, that King, the present plaintiff's grantor, was the owner of the land, but required King to pay or tender the sums expended by the holders of the void tax title, and declared the consequences of his failure to do so within the specified time. In other words, as suggested by counsel for appellant, King was given 60 days in which to redeem the property. Whether or not he would redeem was not known when the former judgment was rendered. Whether he did redeem was not determined when the present action was commenced. The former judgment, by its express terms, reserved to the circuit court authority to extend the period of redemption. In substance, the former decision declared King should have the land upon complying with the imposed condition.

When the present action was commenced, no court had determined whether he had complied with such condition; and consequently no court had decided he was not entitled to the land, or that title thereto had vested in the present defendant. Counsel for appellant conceded this when he introduced evidence on the trial of the present action to prove that the plaintiff's grantor had failed to comply with the requirement of the former judgment. Clearly, then, the issue in this action is whether the plaintiff, having succeeded to King's interest in the property, shall be allowed to redeem, notwithstanding her grantor's failure to comply with the provision of the former judgment, if he did fail to comply therewith. Even if King had taken no steps to redeem, the circuit court, upon motion in the former action, might have allowed him or his successor in interest to do so after the expiration of the 60 days specified in its former judgment. What might have been done by a motion in the former action certainly may be done in this. Therefore, without deciding whether the deposit of the check and Wagner's refusal to accept it, without objection to the form of the tender, operated to effect a redemption, we have no hesitancy in holding that the facts, as found by the trial court in the present action, fully justify its manifestly just and equitable conclusions.

Its judgment is affirmed.