SCHONIGER et al, Appellants v. LOGAN et al (Anderson, Intervener, and Respondent.)

(166 N. W. 226.)

(File No. 4061.    Opinion filed January 18, 1918.    Rehearing denied March 8, 1918.)

1.    **Actions—Dismissal—Suit to Cancel Realty Sale—Intervention Pending Dismissal Motion, Effect re Dismissal—Jurisdiction re Intervention.**

Where, in a suit for cancellation of plaintiffs' contract with defendant to sell and convey to him realty, and after service by publication on defendant was incomplete but after he had acquired knowledge of pendency of suit, the parties settled their differences, defendant paying plaintiffs a sum in consideration thereof and plaintiffs by quitclaim releasing all claims to defendant under the contract, whereupon plaintiffs directed their counsel to dismiss the suit, and thereafter said counsel moved trial court for dismissal of suit upon a showing of said settlement and that no appearance or answer had been made, which motion was granted; defendant intervener, on day proceeding entry of dismissal order, having served upon plaintiff's counsel notice and motion for leave to intervene as a defendant in the suit, his complaint alleging that the main defendant, prior to date of said settlement, assigned to him her rights under the realty contract, that he had tendered plaintiffs the money due them thereunder and demanded deed pursuant to the contract, and refusal thereof, and that he had deposited money in bank and given plaintiffs notice thereof; trial court having, on default of plaintiffs, issued an order on plaintiffs to show cause why the intervention should not be allowed, which order recited, among other things, that plaintiff's attorneys had not revealed to court that notice and complaint in intervention had been served on them prior to application for and dismissal of suit; plaintiffs' attorneys having appeared in response to said order and objected to jurisdiction of court on ground that, the suit having been dismissed, they were not attorneys for plaintiffs when order to show cause was served; which objection being overruled, plaintiffs made showing of said settlement and dismissal, and also that prior to said settlement defendant had negotiated with proposed intervener for transfer of her interest in the contract but in effect that defendant, immediately prior to consummation of the settlement, had communicated with a bank in which an assignment of her interest to proposed intervener was deposited, and had informed the bank that the offer accompanying said deposit was withdrawn (the bank having informed plaintiffs that said offer had not been accepted); trial court having held, that order of dismissal had been inadvertently and wrongfully made and entered order vacating order of dismissal and granting petition for intervention; held, that the jurisdictional question is necessarily disposed of by an affirmance of the order vacating dismissal of suit; since notice of motion and petition for intervention were served in a pending action, and upon attorneys of parties appearing therein; construing Code Civ. Proc., Sec. 96. Held, further, that while the original parties had the right as between themselves to

settle and dismiss the suit, unless such right was suspended or
lost by service of notice and petition in intervention, yet,
plaintiffs having moved dismissal without advising court of
service of said notice and petition, their action amounted to a
concealment of a fact which would have controlled court in
granting or refusing dismissal; and, petitioner having shown
good cause for intervention upon merits, it is clear that court
would not have granted dismissal had it been advised of
intervention proceedings.

3   **Actions—Dismissal, Right of, As Against Intervention Inter-
    vener As Non-party, Whether Dismissal Prejudicial to Him.**

Nor is the contention that plaintiffs had an absolute right
to dismiss suit after notice of motion for leave to intervene,
for the reason that judgment of dismissal does not prejudice
intervener's right, tenable; since, right to intervene being con-
ceded, plaintiffs were in same position as to right of inter-
vener as though an order had been made allowing interven-
tion prior to judgment of dismissal; and right to litigate in a
pending suit a claim to affirmative relief by intervention,
being conferred by statute, such judgment of dismissal is
prejudicial to intervener, although not an adjudication of
matters complained of in his complaint.

Whiting, P. J. dissenting.

Appeal from Circuit Court, Spink County. Hon. ALVA E.
TAYLOR, Judge.

Action by William Schoniger and Augusta Schoniger, against
Alma E. Logan and A. H. Maas, for cancellation of a contract for
sale and conveyance of realty; defendant H. C. Anderson, in-
tervening. From an order setting aside an order and judgment
of dismissal of the action, and permitting defendant Anderson to
intervene, plaintiffs appeal. Affirmed.

*Sterling & Clark,* for Appellants.

*Roy T. Bull,* for Respondent.

(1) To point one of the opinion, Appellant's cited: Pack-
ard et al v. Smith, 9, Wis. 184; Ex parte McKenzie et al (Ill.)
44 N. E. 413; White v. Nance, 16 Ala. 345.

Respondent cited: Subera v. Jones, 20 S. D. 628, 108 N. W.
26; Miles v. Boyle, 26 S. D. 211, 128 N. W. 123; Axiom
Mining Co. v. Little, 6 S. D. 438, 61 N. W. 441; Axiom Mining
Co. v. White, 6 S. D. 611, 62 N. W. 956; Hulst v. Doerstler,
11 S. D. 14, 75 N. W. 270; 14 Cyc 410; Brettell v. Deffer-
bach, 6 S. D., 21, 60 N. W. 167.

(2)   To point two of the opinion, Appellants cited:   14
Cyc. 410.

SMITH, J.   Plaintiffs, who are appellants, brought an action
against one Logan for cancellation of a contract for the sale
and conveyance of certain real estate.   Maas was made a de-
fendant. as claiming some interest in the property.   During the
pendency of the action, and at a time when service by publica-
tion on Logan as a nonresident was incomplete, but after Logan
had acquired knowledge of the commencement of the action, and
after personal service on Maas, plaintiffs and defendants met and
settled their differences.   In the settlement plaintiff paid Logan
$1,200, and in consideration thereof received a quitclaim deed
from Logan in release of all claims or interest under the contract.
The settlement was consummated on or about the 24th of March,
1916, and plaintiff directed their attorneys to dismiss the action.
On April 1, 1916, plaintiffs' attorneys presented to the trial court
an application, reciting the settlement and its terms, and that no
appearance or answer had been made in the action, and asked a
dismissal of the action pursuant to the terms of settlement, which
was granted on that date.   On March 31st, the day preceding the
entry of this order.   Anderson, who is respondent here, served a
notice and motion for leave to intervene as a defendant in the
action with his complaint in intervention, which alleged that on
March 17, 1916, the defendant Logan had assigned and transfer-
red to him all her rights under the real estate contract; that he
had tendered to plaintiffs the money due them, and demanded
a deed according to the terms of the contract, and upon refusal
thereof had deposited the money in a bank of good repute and
given plaintiffs notice thereof.   On April 10th, the return day of
the notice of motion for intervention, the plaintiffs not appear-
ing, the trial court, upon application of respondent as intervener,
issued an order to show cause, reciting the proceedings dismiss-
ing the action, and that plaintiffs' attorneys had not revealed to
the court that notice and complaint in intervention had been
served on them prior to the application for and dismissal of the
action, and requiring plaintiffs' attorneys to show cause why the
order of dismissal should not be vacated and intervention allowed.
The order to show cause was served on plaintiffs' attorneys, and
on the return day they appeared and objected to the jurisdiction
3—Vol. 40, S. D

of the court, on the ground that, the action having been dismissed, they were not attorneys for plaintiffs when the order to show cause was served, and that such service gave the court no personal jurisdiction over plaintiffs. This objection being over-ruled, plaintiffs in opposition to the order to show cause, presented affidavits disclosing the facts relating to the settlement and dismissal of the action, and also to the effect that, at a time long prior to the settlement, defendant Logan had entered into negotiations with Anderson, the proposed intervener, for a transfer of her interest in the contract, and had deposited a written assignment thereof, of date October 19, 1915, in a certain bank, to be delivered to him on payment of a certain sum; that immediately prior to consummating the settlement with plaintiffs she had communicated with the said bank, to ascertain whether said offer had been accepted and the assignment delivered, and, being advised in the negative, had informed the bank that the offer was withdrawn and directed it at once to return the assignment. Upon this showing, the trial court held that the order of dismissal had been inadvertently and wrongfully made, and entered an order vacating the order dismissing the action, and granting the petition for intervention.

[1] The jurisdictional question is necessarily disposed of by an affirmance of the order vacating the dismissal of the action, for the reason that the notice of motion and petition for intervention must then be held to have been served in a pending action, and upon the attorneys of parties who had appeared therein. Code Civ. Proc. § 96. Did the trial court err in vacating the order dismissing the action? It is undisputed that all differences between the parties to the original action had been fully settled, and plaintiffs' attorneys had been directed to dismiss the action before the notice of intervention was served. The parties then had the absolute right as between themselves, to settle and dismiss the action, unless that right was suspended or lost by service of the notice and petition in intervention, before the entry of the order or judgment of dismissal. But if the parties thereto had no legal right, as against the intervener, to dismiss the action after service of the notice and petition, the fact that counsel who moved the dismissal and obtained the order did not advise the court of the service of the notice and petition in inter-

vention, would amount to a concealment from the court of a fact which necessarily would have controlled the action of the court in granting or refusing the order and judgment of dismissal. The action was pending when the notice and petition of intervention were served upon plaintiffs' counsel. It is not denied that the petitioner was entitled to intervene upon the facts stated in the petition, and it is clear that the trial court would have granted the petition, had there been no dismissal, as in fact it did do after vacation of the order. It follows that the trial court would not have granted plaintiffs' application for a dismissal of the action, had it been advised of the pendency of the intervention proceedings, and it is immaterial that plaintiffs' counsel acted in good faith and without any intent to deceive or mislead the court, believing they had an absolute legal right to dismiss.

[2] It is appellants' contention that plaintiffs had an absolute right to dismiss the action after notice of motion for leave to intervene and service of complaint in intervention in the pending action, for the reason that the judgment of dismissal does not prejudice rights of the intervener as disclosed by his complaint. But the right to intervene being conceded, and application therefor having been properly made while the action was pending, we are of the view that plaintiffs were in the same position with regard to the rights of the intervener as though an order had been made allowing intervention prior to the judgment of dismissal. The right to litigate in a pending action a claim for affirmative relief set up in the complaint in intervention is conferred by the statute and a judgment of dismissal which deprives the intervener of that right is prejudicial, even though it is not an adjudication of the matters alleged in the complaint. For this reason an assumption that the intervener was a stranger to the action when judgment of dismissal was entered is erroneous. He had submitted himself and his cause of action to the jurisdiction of the court, and was entitled to relief as though he were himself plaintiff in an action in which former plaintiffs had voluntarily appeared as defendants. The question, then, is whether after the intervener has appeared in the action the right to intervene has been demanded in the mode prescribed by the statute, and the complaint discloses a right in the intervener to intervene

and to affirmative relief against the plaintiffs, the plaintiffs still have the absolute right to put the intervener out of court by a dismissal of the action, merely because a judgment of dismissal is not an adjudication of the rights disclosed by the complaint in intervention.

[3]   If such a view of plaintiffs' rights is to be affirmed, we see no reason for holding that a plaintiff may not dismiss his action in every case, even though the defendant may have filed an answer disclosing a valid counterclaim or other right to affirmative relief. The contrary rule has been long established in this jurisdiction, and is founded upon the right of one who has appeared in an action, and has pleaded facts which entitle him to affirmative relief against the plaintiff, to remain in court for the purpose of litigating his right to such relief. The application for dismissal was therefore inadvertently granted, because of want of knowledge of a controlling fact, and the court was justified in vacating the order.

The action of the trial court is affirmed.

WHITING, P. J. (dissenting).   Being of the opinion that, if the trial court had been fully advised of the pending motion for intervention, such court could not rightfully have refused to dismiss the action upon plaintiff's motion, I dissent from the foregoing decision. This court in Brettell v. Deffebach, 6 S. D. 21, 60 N. W. 167, pointed out the line beyond which, so far as I am advised, all courts, and certainly this court, have refused to go in opening up judgments at the behest of those not parties to the actions. The party seeking the opening of the judgment must be one who would have a right to become a party by substitution or intervention and the judgment must be prejudicial to his claimed rights. Anderson was not a party to the action when he moved the opening of this judgment. Under all authorities one seeking intervention is not a party until an order is made allowing intervention. The judgment of dismissal was in no respect prejudicial to Anderson. The distinction between the right of a plaintiff to dismiss where there is a person seeking intervention and his right to dismiss where he has brought an action, and the defendant against whose protest he is seeking such dismissal has counterclaimed, is too obvious to need elucidation.