PENNINGTON, Respondent, v. VAN, Appellant.

'(204 N. W. 17.)

(File No. 5479.   Opinion filed May 14, 1925.)

**Dismissal and Nonsuit—Trial—Dismissal of Complaint Without Prejudice After Hearing on Issues Raised by Answer and Counterclaim, Not Abuse of Discretion.**

Dismissal of complaint without prejudice, on plaintiff's motion, opposed by defendant, after hearing on issues raised by answer and counterclaim and after court had taken case under advisement, was not abuse of discretion, especially in absence of showing that defendant had presented sufficient competent evidence to support counterclaim.

Dillon and Sherwood, JJ., dissenting.

Appeal from Circuit Court, Ziebach County; HON. W. F. EDDY, Judge.

Action by O. L. Pennington, individually and as administrator of the estate of David E. Pennington, deceased, against W. R. Van, in which latter interposed a counterclaim. From an order dismissing the complaint without prejudice, defendant appeals. Affirmed.

*Clark & Henderson,* of Yankton, for Appellant.

*Frank Gladstone, of Dupree,* and *McNulty & Campbell,* of Aberdeen, for Respondent.

Appellant cited: Axion Mining Co. v. Little, 61 N. W. 441; Hulst v. Doerstler, 75 N. W. 270; Tripp v. City of Yankton, 77 N. W. 580; Schoniger v. Logan, 166 N. W. 226.

Respondent cited: Schaetzel v. City of Huron, 6 S. D. 134; McKinney v. Sundbank, 3 S. D. 106, 52 N. W. 322; Murray v. Johnson, 28 S. D. 571, 134 N. W. 206; Dak. Nat. Bk. v. Kleinschmeidt, 33 S. D. 132.

MORIARTY, Circuit Judge. The plaintiff, who is the respondent herein, began this action for the purpose of securing a decree, quieting title to certain real estate situate in Ziebach county, S. D. The complaint is in the form usually followed in prosecuting actions quieting title.

To this complaint the defendant, appellant herein, interposed an answer, denying the allegations of the complaint, in so far as they alleged that the plaintiff's title was paramount to the claims of the defendant to an interest in the land. This answer further alleges that the defendant's interest in the land in controversy arose from the provisions of a certain written contract entered into between the defendant and one D. E. Pennington, under whom the plaintiff claims title to the land.

And the defendant says that, by the terms of said contract, the said D. E. Pennington agreed to sell the said land to the defendant, and the defendant agreed to buy said land from said D. E. Pennington, at the agreed purchase price of $4,800, to be paid as follows: $200 at the time of executing the contract; $200 on the first day of March, 1920, $700 on or before the first day of October, 1920; $700 on or before the first day of October, 1921; $700 on or before the first day of October, 1922; and $3,400 on or before the first day of October 1923—the defendant to have possession of the land on and after October 1, 1920.

And the defendant further says that he paid the sum of $200 at the time the said contract was executed, the sum of $200 on March 1, 1920, and the sum of $700 on October 1, 1920, as provided in said contract. And he says that he retained possession of the land in controversy until the 1st day of March, 1922, when

the aforesaid D. E. Pennington, without defendant's consent, took possession of the premises, and that since said first day of March, 1922, defendant has at all times been denied the use and possession of said land.

And, as a counterclaim based upon these allegations, defendant demands judgment against the plaintiff for the return of the sum of $1,100, paid by him upon the aforesaid contract, with interest and costs.

To this counterclaim of the defendant the plaintiff interposed a reply consisting of a general denial, coupled with an allegation that the aforesaid D. E. Pennington repossessed and re-entered the premises involved in this action, with the knowledge, consent, and authority of the defendant.

Upon the issues so joined the case went to trial at the April, 1923, term of the circuit court of Ziebach county. Each of the parties submitted evidence and rested, and the case was taken under advisement by the court, and it was agreed that briefs should be presented.

Thereafter, and on the 9th day of June, 1923, a motion was made by the plaintiff to be allowed to dismiss without prejudice. This motion was heard on June 22, 1923, and at that time the defendant presented an affidavit in opposition to the motion. In this affidavit defendant sets forth that his answer in the case contains a counterclaim, to which the plaintiff has replied, that under such circumstances the plaintiff has no right to dismiss, and that the defendant would be prejudiced by the granting of the motion.

The trial court granted the motion and entered an order dismissing the action without prejudice.

Within the time allowed by statute the defendant perfected his appeal from the above-mentioned order, and he will hereafter be referred to as the appellant herein.

In his assignments of error, the appellant sets forth several reasons which he contends show that the order appealed from is manifestly prejudicial to the substantial rights of said appellant.

Appellant's counsel have cited several decisions of this court as supporting their contention that the trial court abused its discretion in granting the motion to dismiss, but in our opinion the cases cited do not present facts similar to those presented in the case at bar.

It will be noted that, while the appellant in his so-called counterclaim alleges the payment of $1,100 by him ,to apply upon the land contract, he fails to allege that he paid the $700 due under the terms of the contract on October 1, 1921, he therefore admits that he was in default on March 1, 1922, the date upon which he alleges D. E. Pennington re-entered the land. In this alleged counterclaim of appellant there is no allegation that the contract contains any provision for the return to him of any payment made upon the contract, nor is there any allegation that the payments made by him exceeded the value of his use and occupation of the premises. It is very doubtful whether the counterclaim as pleaded would have stood the test of a demurrer. But no demurrer was interposed, and appellant was allowed to present his evidence in support of his claim. There is no contention that the learned trial court erred in excluding any evidence sought to be introduced by appellant. It follows, therefore, that at the time the motion to dismiss was granted, the trial court had before it all appellant's evidence in support of his alleged counterclaim. Such evidence is not before this court on this appeal. Appellant is asking this court, with none of the evidence before it, to hold that the trial court, with all the evidence before it, abused its discretion in allowing respondent to dismiss his action. It will be observed that nowhere in his showing does appellant allege that he presented to the trial court competent evidence sufficient to support his counterclaim.

Under such circumstances this court cannot say that the learned trial court abused its discretion or prejudiced any of appellant's rights by the entry of the order appealed from.

The order appealed from is affirmed.

MORIARTY, Circuit Judge, sitting in lieu of CAMPBELL, J., disqualified.

DILLON, J. I dissent. This action was commenced by respondents, the plaintiffs herein, for the purpose of quieting title to certain real estate in Ziebach county, this state, to which the appellant answered by affirmative defense and counterclaim; to this a reply was made. The appellant sought to recover a certain sum of money paid on an executory contract for the sale of this real estate, and asked that he be adjudged to have a valid interest or

equity in such real estate and a lien thereon for the sum so paid on said contract; also that the respondents be denied any relief except upon condition that the sums paid upon the contract be repaid to him. It was further alleged in appellant's answer and counterclaim that the respondent vendor in said executory contract of sale had wrongfully and unlawfully violated said contract. The respondent is the administrator of David E. Pennington, the vendor, who executed the above-mentioned executory contract for the sale of said real estate. Pennington died November 1, 1922. No claim has ever been presented by the appellant to the respondent, as administrator, for the repayment of the moneys paid by the appellant, and it is not alleged in appellant's answer or counterclaim that such claim has been presented to said administrator before the filing of said counterclaim. When the action was reached for trial the parties appeared and the case was tried and testimony taken and submitted. At the trial, when the oral argument was finished, an agreement was made for the filing of written briefs to be considered by the court for findings and judgment. On June 9, 1923, a motion to dismiss without prejudice was made and served by respondents. This motion was heard on June 22, 1923. At this time appellant served and filed an affidavit in opposition to such motion. This motion the court granted and made an order on July 5, 1923, dismissing the respondent's action, from which order this appeal is taken.

Respondents contend that the granting of the order of dismissal did not constitute an abuse of discretion.

Appellant denied this contention, and asserted that the granting of the order was an abuse of the court's discretion, and prejudicial to him. We think the appellant is right.

The appellant asserts error in making such order on the following grounds:

First, that the appellant has interposed an affirmative defense and counterclaim growing out of the same transaction alleged in the complaint.

Second, that all the testimony has been taken in said action, and that appellant is prejudiced by the lateness of the motion.

Third, that the appellant is deprived of the benefit of the allegations and admissions in respondents' complaint, and by reason of such facts cannot have findings and judgment on the answer

and counterclaim after the dismissal of the respondents' cause of action.

Fourth, that after the dismissal of the respondents' cause of action the appellant cannot maintain his action against the respondents, for the same reason that he cannot plead and prove the presentation of a claim against the estate as provided by Section 3397 of the Code.

In order to show respondent's purposes, we incorporate the following paragraph from respondents' brief:

"The administrator in performing what he regarded as his duty believed that the defendant had no interest in the land described in his complaint, and brought an action to quiet title. At the trial he discovered upon the evidence that the defendant held a contract for the purchase of this land from the deceased, and that while the defendant was in default and had abandoned the land, still his rights under the contract had never been foreclosed, and recognized that, as far as he was concerned, it was idle to continue asking the court to decree that the defendant had no interest in such land, and he thereupon asked the court to dismiss his cause of action without prejudice in order that he might bring an appropriate action, either for specific performance of the contract or for a foreclosure of the same. The defendant, notwithstanding that he had set up his claims in the form of a counterclaim, could obtain no relief except a judgment that he had an interest in said land by reason of such contract. At the end of such litigation the plaintiff and defendant would have gotten nowhere and, the plaintiff recognizing the fact, was willing to terminate the proceedings as far as he was concerned. The court, however, did not dismiss the defendant's counterclaim, but left him to litigate it as he saw fit. If the defendant cannot recover under his counterclaim with the plaintiff's complaint dismissed, the defendant could not recover under his counterclaim, if the plaintiff's complaint were not dismissed."

This in itself is a confession that the respondents intend in the future to litigate these issues, and leave the issues undetermined with an expectancy to meet the issues at some future time. Th court should not permit the litigants to blow hot and cold.

It is alleged that on the 11th day of October, 1921, the said defendant filed in the office of the register of deeds of said county

a copy of said contract, and the same was recorded, thereby plac-
ing a flaw and an incumbrance upon the title of said land. If the
plaintiffs are allowed to dismiss this action without prejudice, it
will allow the plaintiffs to ultimately eliminate the contract held
by the defendant and to cancel such contract of record, which is
the very object of the suit now pending, and which the plaintiffs
now seek to dismiss without prejudice, and to force the defendant
to litigate every element of the contract by piecemeal.

It was held in Schaetzel v. City of Huron, 6 S. D. 134, 60
N. W. 741, that:

"If such dismissal would materially prejudice the rights of a
party to the action, as in case of a counterclaim, a regard for the
substantial rights of litigants, and a disposition to avoid a multi-
plicity of suits, suggests that an order granting a discontinuance
of an action might with propriety be refused."

We think this action is controlled by the decision of the
Aixiom Mining Co. v. Little, 6 S. D. 438, 61 N. W. 441, where
the South Dakota court held that:

"While it is generally true that a plaintiff has a right to dis-
continue his action, he ought not to be allowed to do so uncon-
ditionally, where to so discontinue would manifestly work a wrong
to the defendant."

This was an action to quiet title. The facts in the case show
that, while an action was pending, the plaintiff could not take a
patent for a mining claim, and that, if no action were pending, he
would be able to make an affidavit by which he could obtain such
patent, and the court held that:

"The plaintiff ought not to be allowed to discontinue, without
regard to the question of whether, strictly construed, the answer
should or should not be held to plead a counterclaim."

It was further suggested that:

"The rule allowing or disallowing the right of a plaintiff to
discontinue is not an inelastic or arbitrary one, applying only to
counterclaims. It covers cases of counterclaims, not simply be-
cause they are counterclaims, but because they are within the prin-
ciple or reason of the rule which refuses the right to discontinue
where to do so would work a material injury to the defendant."

An order dismissing this case was reversed by the Supreme
Court. Subera v. Jones, 20 S. D. 628, 108 N. W. 26:

"It is only in the absence of a counterclaim or demand for affirmative relief that the plaintiff is entitled, if ever, to dismissal as a matter of right."

Hulst v. Doerstler, 11 S. D. 14, 75 N. W. 270:

"Because of the counterclaim, plaintiffs could not dismiss the action without defendant's consent, and the court properly proceeded to hear and determine the issues raised by the allegations of the counterclaim and reply."

In the case of Deere & Weber Co. v. Hinckley, 20 S. D. 359, 106 N. W. 138, it was held:

"That a plaintiff has an absolute right to · dismiss an action, where no counterclaim has been interposed and there is no special reason why the dismissal of the action should not be permitted."

See Schoniger v. Logan, 40 S. D. 30, 166 N. W. 226; People v. Pratt, 28 Cal. 166, 87 Am. Dec. 110. The court may in its discretion refuse a request to discontinue when it would manifestly be prejudicial to the defendant.

We think, under the facts shown in this record, that plaintiffs ought not to be permitted to discontinue their suit when they are conceding that their purpose is to renew their suit. They are already in court, and they fail to show any reason why they should switch the issues. To allow the plaintiffs to do so would manifestly constitute a prejudicial error. Ordinarily, the right of dismissal should be accorded, but where, under the special circumstances shown here, it would be inequitable to allow such dismissal for the purposes of allowing the plaintiffs to institute additional suits. The purposes of doing so are clearly stated in the record. To allow such dismissal would not only be detrimental to the rights of the defendant, but would constitute a palpable injury and wrong and an abuse of discretion.

SHERWOOD, J. (concurring specially in the dissent). Plaintiff, respondent here, brought an ordinary action to quiet title. Defendant, appellant here, answered by setting up a defense and counterclaim. To defendant's counterclaim plaintiff replied without objection to any of the pleadings. The case was completely tried, and several months after the trial plaintiff moved to dismiss the action, which motion was granted.

I concur in the result reached by Judge DILLON that the

count should be reversed, and base my concurrence upon the following grounds.

First, it was manifest error to permit plaintiff to dismiss his action over defendant's objection without a decision upon defendant's counterclaim.

Second, to put the parties to the expense of a complete trial of the cause and to permit both sides to complete the trial at the expense of the county and litigants, and then to permit the case to be dismissed, is an abuse of discretion and trifling, not only with courts, but with justice itself.

Headnote. Reported in 204 N. W. 17. See, Headnote, American Key-Numbered Digest, Dismissal and nonsuit, Key-No. 7(1), 18 C. J. Sec. 22.